ROBERT YELVERTON v. CLARK HILLIARD.

*Ejectment—Judgment on a finding—New trial.*

Defendant in ejectment recovered judgment on a finding. The Supreme Court reversed it as not supported by the facts found, but as it was complicated with valuations demanded by the parties, it did not enter judgment for the plaintiff, but remitted the case with instructions to award, in accordance with the statute, the judgment which should have been given under the finding, saving, however, the statutory right to proceedings for new trial.

Error to Ingham. Submitted Jan. 18. Decided Feb. 1.

EJECTMENT. Plaintiff brings error.

*Spaulding & Cranson* for plaintiff in error.

*Lucien Reed* for defendant in error. Anything that clearly indicates the appropriation and actual use of land by the person claiming title, amounts to possession, *Brooks v. Bruyn*, 24 Ill., 380; *Hoffman v. Harrington*, 28 Mich., 90; *Ewing v. Burnet*, 11 Pet., 41; *Rupert v. Mark*, 15 Ill., 540; actual possession of the improved portion of a tract of land, under a deed of conveyance, will be construed as co-extensive with the grant if there is no adverse possession of any part of the premises, *Fairman v. Beal*, 14 Ill., 244; *Goewey v. Urig*, 18 Ill., 238; *Prettyman v. Wilkey*, 19 Ill., 235; *Chandler v. Spear*, 22 Vt., 389; *Dills v. Hubbard*, 21 Ill., 328.

GRAVES, J. July 26, 1875, the plaintiff brought eject-ment for the N. E. ¼ of the N. E. ¼ of section 35, T. 3 N., R. 2 W., and in October last the circuit judge, sit-ting without a jury, heard the case and made a special finding of the facts, and awarded judgment upon them for the defendant. The plaintiff claims the facts so found do not support the judgment.

The judge found there was a regular claim of con-veyances from the United States to the plaintiff, and that the defendant was in adverse possession when the suit was commenced.

The defendant gave in evidence five tax-title deeds, which will be more particularly referred to hereafter, and the judge found them all invalid. He held, however, that the action was barred under the second clause of section one of the act of 1863 (Sess. L. 1863, p. 388: 2 Comp. L., p. 1973), upon the ground that a continuous adverse possession had been kept up under the tax-titles for ten years next preceding the commencement of the suit.

He found as matter of fact that the Auditor General had given the following deeds of the E. ½ of the N. E. ¼ of section 35, the premises in question being the north half of this lot: *First*, to John Raynor, December 26, 1862, for the tax of 1860; January 4, 1864, for the tax of 1861; January 21, 1865, for the tax of 1862. *Second*, to Samuel R. Colwell, January 9, 1866, for the tax of 1863, and December 19, 1866, for the tax of 1864.

He further found a conveyance from Colwell to Ray-nor, and from Raynor and wife to defendant January 4, 1866, and that on receipt of this conveyance the latter went at once into actual possession of the parcel in con-troversy, and has since continued therein; that prior to that grant, and in the spring of 1865, Raynor verbally permitted one Turner to enter upon the lot covered by the tax-deeds, and which lot, as before mentioned, included the premises in question; that the lot was then unin-closed woodland in a state of nature, and that the per-

mission to Turner in entering was to clear off and cultivate such portions as he chose, subject to the understanding that, in case of sale to a third party, Raynor would pay the value of the improvements after deducting the value of the use of the land through its cultivation; that in accordance with this arrangement "Turner soon after chopped and cleared off about an one acre of the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$, inclosed it with a fence of brush, logs and rails, plowed the ground and grew a crop of 'bagas,' which were harvested and removed in October or November following. No other use was made of the land until the conveyance from Raynor to the defendant," January 4th, 1866.

The briefs moot questions in regard to the construction and application of the statute of 1863, which are not material to a decision on this record.

The defense is based on a continuous adverse possession under the tax-deeds for ten years next preceding July 26th, 1875, when the suit was instituted.

The finding is distinct as to such possession from that event back to January 4th, 1866, when defendant received his deed. But the difficulty appears when we come to the interval between that date and July, 1865, a space of time required to make out the ten years.

Admitting, for the purpose of the question, that the fact as found in regard to Turner's entry and occupancy is sufficient for the time covered by it, that is from the spring of 1865 until October or November of that year, and still there is a considerable space left between July, 1865, and the commencement of defendant's possession, January 4, 1866. As the finding reads, the premises were vacant from the time Turner took off his little crop of turnips in October or November, 1865, to the entry of defendant in the succeeding January, and during this period there seems to have been no adverse possession and no obstacle to an entry by the plaintiff.

The finding therefore not only fails to show ten years' possession under the tax deeds next preceding the com-

mencement of the action, but on the contrary shows affirmatively that the possession was for a shorter period.

The judgment is, therefore, not supported by the facts, and must be reversed.

Under ordinary circumstances this conclusion would require the entry of judgment here for the plaintiff, with the costs of both courts, and a remand of the case to enable proceedings to be taken under the statute allowing new trials in ejectment. But the present case is attended by incidents which seem to necessitate a deviation. In the court below the parties claimed and obtained valuations under the occupying claimant law, and as judgment is to be given for the plaintiff, they become important. The regulations concerning them seem hardly compatible with the course of proceeding in this court, and therefore it is expedient, after reversal here with costs, to remit the case with instructions that the plaintiff is entitled to recover, and that the judgment which the court ought to have given under the finding and in accordance with the statute, it will now proceed to award, saving however, the right to proceedings for new trial under the statute.

The other Justices concurred.