JAMES K. BURNHAM ET AL. V. JOSEPH H. DILLON, THOMAS DILLON, CHARLES L. MESSMORE, AND GEORGE W. THAYER, ASSIGNEE.

[See *ante*, 352.]

*Assignment for benefit of creditors—Appointment of receiver— Secretion of property—Decree—Appeal—Sale—Exemptions.*

1. While the appointment at chambers of a receiver in a suit brought to set aside an alleged fraudulent chattel mortgage, executed by an insolvent debtor in anticipation of an assignment of his property for the benefit of creditors, is irregular, the objection is not available to the assignor on his appeal from the final decree in the case, made upon a full hearing, and in which the appointment is confirmed.

2. Conceding that in such a case the assignor could ignore subsequent court orders adjudging that he had in his possession certain goods which passed by the assignment, and which should have been delivered either to the assignee or to the receiver, in so far as they required him to deliver said goods to the receiver, because of the irregularity of his appointment, yet, so far as the action of the court went in determining the *fact* of the possession of the goods by the assignor, the orders were valid, and should be sustained, if the evidence warranted the conclusion of the circuit judge upon the question of fact; and where, in such a case, the final decree confirms the court orders, and requires the assignor to deliver the goods named to the receiver, whatever proceedings may be taken against the assignor must be taken upon the foot of that decree.

3. Where the order for the appointment of the receiver, after reciting that it has been represented to the court by the solicitor for the defendants that the property, the sale of which

under the mortgage has been enjoined, is depreciating in value, and should be sold forthwith under the order and direction of the court, and the proceeds thereof held to abide the further order of the court, authorizes the sale of the property by the receiver, and no objection is made by the assignor to such sale being made pursuant to said order, and the final decree in effect affirms the sale, and treats the proceeds thereof as a trust fund in the hands of the receiver, the assignor cannot avail himself of the irregularity in making such order.

4. Where an insolvent debtor who has made an assignment of his property for the benefit of creditors, on his examination touching the alleged secreting and disposal of certain property which he did not turn over to the assignee, admits his possession of the property, he must clearly account for the same to the satisfaction of the court; otherwise he will be held to have it still in his possession, and to be able to hand it over to his assignee.

5. Where the final decree in an assignment case provides for a distribution of the funds in the hands of the receiver arising from the sale of the assigned property in disregard of the right of the assignor to exemptions, the decree will be so modified on appeal as to permit him to apply for an allowance for exemptions, notwithstanding the claim therefor was not made at the hearing below.

Appeal from Sanilac. (Beach, J.) Argued January 31, 1894. Decided July 10, 1894.

Bill to set aside a chattel mortgage and for the appointment of a receiver. Defendant Joseph H. Dillon appeals. Decree modified and affirmed. The facts are stated in the opinion, and at page 352, *ante.*

*Sloman & Duffie,* for complainants.

*William A. Mills (E. C. Babcock,* of counsel), for appellant.

MONTGOMERY, J. An opinion was handed down in this case at the last term (*ante,* 352), in which it was stated that defendant Messmore alone had appealed. The printed record fails to show an appeal by defendant Joseph H.

Dillon, but an inspection of the original record discloses that such an appeal was in fact taken; and, as both parties desire that the appeal should be disposed of on the briefs filed, we shall proceed to consider it.

In the former opinion, we held that there was ample testimony to show a fraudulent scheme between the defendant Joseph H. Dillon and his brothers to defraud creditors. We shall therefore confine our further consideration of the case to the other questions raised which affect the rights of the defendant Joseph H. Dillon.

It is assumed by defendant that appeals have been taken from the order of the circuit judge of March 14, 1892, appointing a receiver; from the orders of the court of April 18, requiring the defendant Joseph H. Dillon to appear before the court at a later date and submit to examination, and of April 30 and July 9, adjudging the defendant Joseph H. Dillon to be in possession of certain goods, and requiring him to deliver the same to the receiver; and from the final decree, which contained a confirmation of the appointment of the receiver, and also a confirmation of the orders requiring the defendant Joseph H. Dillon to deliver certain goods in his possession to the receiver.

As was said in the former opinion, the objection as to the appointment of the receiver is not available to the defendant. The final decree confirmed the appointment of the receiver. While the appointment of the receiver by an order at chambers was irregular, this order of the court, confirming the appointment, was made upon full hearing, and, we think, should be allowed to stand.

So far as the orders adjudging that the defendant had in his possession certain goods which passed by the assignment, and which, in any view of the case, should have been delivered either to the assignee or to the receiver, are concerned, these orders were court orders; and if it is conceded that the defendant could ignore these orders, because

of the irregularity in the appointment of the receiver, yet, so far as the action of the court went in determining the fact of the possession of the goods by the defendant Dillon, they were valid, and should be sustained, if the evidence warranted the conclusion of the circuit judge upon the question of fact. No attempt has been made to punish the defendant for contempt. The final decree has now confirmed the orders, and requires defendant to deliver the goods named to the receiver, and whatever proceedings may be taken against the defendant must be upon the foot of this decree.

It is contended, however, that the evidence is insufficient to show that the goods in question were in the possession of the defendant Joseph H. Dillon. The testimony is not altogether clear upon this point. The facts appear that the assignment was made on the 11th of February, 1892; that on the 24th of January, 1892, defendant received into his stock goods to the amount of $522, purchased of Heayenrich Bros., and between that date and the date of the assignment three other consignments—two of $26.50 each, and one of $14.50—from the same source, making a total of $589.50; and that a very few days before the failure he received $118.38 worth of goods from H. A. Newland & Co. Immediately after the assignment, replevin was brought by each of these creditors. Heavenrich Bros. succeeded in recovering $181.75 worth at cost price, and Newland & Co. recovered $44.13 at cost price. We are satisfied that the defendant has also shown that $65.50 worth of the Heavenrich goods were sold out of the stock. It is insisted, however, by the defendant, that his testimony shows that all these goods were sold. He is not able to state to whom they were sold, and fails to render any satisfactory account of the proceeds. There was evidence tending to show that a portion of the Newland & Co. goods were secreted, under a bed occupied by defend-

ant Dillon's little boy, in the original packages. As was said in *Re Salkey*, 11 N. B. R. 423, where a bankrupt, on examination, admits the possession of property, he must clearly account for the same to the satisfaction of the court; otherwise, he will be held to have it still in his possession, and to be able to hand it over to his assignee. We think the defendant Dillon was properly held to this rule in the present case.

As to the power to compel the defendant to turn this property over to the receiver, see High, Rec. § 168.

Complaint is also made that the order for sale was unauthorized because made at chambers. But the order contains the following recital:

"Inasmuch as it has been represented to this court by the solicitor for the defendants that the goods and chattels which the defendant Messmore has heretofore been enjoined from selling or intermeddling with are depreciating in value, and should be sold forthwith, under the order and direction of this court, and the proceeds thereof to abide the further order of this court."

It does not appear that any objection was taken at any time to the sale being made in pursuance of this order. The decree in effect affirms the sale, and treats the proceeds of the sale as a trust fund in the hands of the receiver. We do not think the irregularity can avail the defendant.

It is further urged that the decree provides for a distribution of the funds in the hands of the receiver in disregard of the right of defendant to exemptions. It does not appear that this claim was made upon the hearing, but the decree will be so far modified as to permit the defendant to apply for an allowance for exemptions.

We also think the circuit judge was in error in fixing the amount of goods in the hands of defendant Joseph H. Dillon, which, by the terms of the order, he was required to turn over. We think the evidence shows the disposition

of $65.50 worth of the Heavenrich goods in addition to the amount recovered by replevin. The amount, therefore, which the defendant will be required to turn over will be fixed at $416.50.

As thus modified, the decree of the court below will be affirmed. The defendant Joseph H. Dillon will be entitled to recover the cost of printing his brief, and the usual solicitor's fee in this Court, and the cause will be remanded for further proceedings.

The other Justices concurred.