JENKINS *v.* BENTLEY.

JENKINS, GUARDIAN, *v.* SAME.

1. APPEAL AND ERROR—DAMAGES—COURT RULES.
   On appeal from judgment in action for personal injuries in case tried without a jury, while Supreme Court may affirm, reverse, remand with directions or order a new trial, it may not award damages not awarded by the trial court (Court Rule No. 64 [1933]).

2. *Same—Motion for New Trial—Damages—Weight of Evidence.*
   *In the absence of motion for new trial in trial court, asking judgment to be set aside because against overwhelming weight of evidence, Supreme Court will not reverse judgment because entered for an alleged inadequate amount.**

3. AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — INFANTS — TRUCK TURNING AROUND IN STREET.
   Eleven-year old boy, leaning against tree 27 inches from curb of a city street *held,* not guilty of contributory negligence in failing to anticipate that defendants' truck, being turned around in the street, would be suddenly backed up against him.

4. SAME—NEGLIGENCE—BACKING UP.
   Truck driver who, while turning truck around in a street and without having ascertained whether way was clear, suddenly backed up and injured 11-year old boy, who had been leaning against tree 27 inches from curb, by pinning him to tree *held,* guilty of actionable negligence.

5. COSTS—APPEAL BY BOTH PARTIES.
   No costs are allowed on appeal of consolidated cases where decision is against respective appellants in each case.

Appeal from Oakland; Rogers (Goodloe H.), J. Submitted June 3, 1936. (Docket No. 42, Calendar No. 38,862.) Decided September 2, 1936.

Separate actions of case by Robert Jenkins, individually and as guardian of Robert Victor Jen-

---

* See note at bottom of page 83, *post.*—REPORTER.

kins, minor, against Arthur Bentley and Dexter G.
Curtis for damages for personal injuries to minor
because of defendants' negligent operation of truck.
Cases consolidated for trial and appeal. Judgments
for plaintiff. Defendants appeal from judgment for
guardian. Plaintiff cross-appeals in that action and
appeals from other judgment because of alleged in-
adequate amount. Affirmed.

*Hatfield & Hall (Wilbur D. Bollinger* and *James
E. Littell,* of counsel), for plaintiff.

*James A. Robb* and *Pelton & McGee (Don W.
VanWinkle,* of counsel), for defendants.

Toy, J. Robert Victor Jenkins was injured on
November 20, 1933, when a Ford truck owned by de-
fendants and being driven by defendant Curtis on
Kentucky avenue in the city of Detroit backed
against a tree located 27 inches from the curb of
the street and pinning said Jenkins, who was lean-
ing against the tree, between the truck and the tree.
The injured boy was 11 years old at the time of the
accident and these actions were brought by his
father Robert Jenkins in his own name and also as
guardian of the boy to recover damages arising
because of such accident.

The cases were consolidated for purposes of trial
and were tried by the court without a jury. In the
first above entitled cause the plaintiff recovered
$289.06 for amounts expended by him because of
his minor son's injuries. In the second above en-
titled cause, plaintiff as guardian for his minor son
had judgment in the sum of $3,000 and costs. Both
parties appeal from the latter judgment and plain-
tiff alone appeals in the first above entitled cause.

Plaintiff Robert Jenkins contends on his appeal
that the court erred in failing to award damages

for the value of the services performed by himself and his wife in caring for and nursing the child; for failing to award damages for loss of the services of the infant son; and for failing to award damages for loss of future services of said minor.

Plaintiff does not request that a new trial be granted for these alleged errors nor that the cause be remanded with directions, but asks that this court award such damages where not awarded by the trial court.

This we cannot do. Court Rule No. 64 (1933) provides, in part:

"Upon appeal to the Supreme Court from a judgment in an action at law tried without a jury, such judgment may be affirmed or reversed, the cause remanded with directions, or a new trial ordered."

*Furthermore, we must decline to reverse that cause for the reasons assigned as error in view of the fact that no motion for new trial was made in the court below asking that verdict be set aside because against the overwhelming weight of evidence.* See, *Boran* v. *New York Life Ins. Co., 274 Mich. 638, 642 (on rehearing) and cases therein cited.* Therefore the judgment entered in the first above entitled cause will be affirmed.

On cross-appeal in the second above entitled cause, plaintiff and cross-appellant urges the inadequacy of the judgment, and seeks to have us increase the same. This we decline to do for the reason hereinbefore stated.

Defendants and appellants in this latter case urge on appeal: (1) that plaintiff was guilty of contributory negligence; (2) that defendants were guilty of no actionable negligence.

---

* This portion of the opinion is deleted by *Riber* v. *Morris,* 279 Mich. 344, 347.—REPORTER.

We cannot agree with them in their contentions. The boy, when injured, was leaning against a tree 27 inches from the curb. He was under no legal obligation to anticipate that defendants' truck would be backed against him, nor was he apprised of any purpose upon part of defendant driver to back the rear of his truck over the curb. The record discloses that the accident happened while the driver of the truck in turning around in the street, and after having backed part way, stopped, cramped his front wheels as if to proceed forward, and then suddenly, with a jerk, backed against the boy. True, the driver did not see the boy before backing into him yet the law imposes upon him a duty to ascertain that the way is clear before proceeding backward over it. Backing against plaintiff without making such assuring observation is a lack of ordinary care and is sufficient to constitute actionable negligence. *Kinsler* v. *Simpson,* 257 Mich. 7; *Roach* v. *Petrequin,* 234 Mich. 551.

We concur in the language of the court in *Taulborg* v. *Andresen,* 119 Neb. 273, 280 (228 N. W. 528, 67 A. L. R. 642):

"The law does not forbid the backing of an automobile upon the streets or highways, and to do so does not constitute negligence, but the driver of an automobile must exercise ordinary care in backing his machine, so as not to injure others by the operation, and his duty requires that he adopt sufficient means to ascertain whether others are in the vicinity who may be injured. * * * and he must not only look backward when he commences his operation, but he must continue to look backward in order that he may not collide with or injure those lawfully using such street or highway (citing authorities)."

See, also, *Embry* v. *Reserve Natural Gas Co. of Louisiana,* 12 La. App. 97 (124 South. 572).

The judgment in the second above entitled cause is affirmed.

These causes having been consolidated on appeal, and decisions having been against respective appellants in each case, no costs will be allowed either party.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. POTTER, J., did not sit.