CITY OF BESSEMER v. KORPI.

1. APPEAL AND ERROR—WEIGHT OF EVIDENCE—TRIAL WITHOUT JURY —MOTION FOR NEW TRIAL.

Appellant may assign as error in a nonjury case that the judgment is against the preponderance of the evidence without having moved for a new trial (Court Rule No. 64 [1933]).

2. MUNICIPAL CORPORATIONS — RESOLUTIONS — DEPOSITARIES—SECURITY.

Resolutions of city council limiting deposits of city funds in designated depositaries to the amount of security are construed as directions to city's successive treasurers to withdraw all in excess of the security.

3. Same—Treasurers—Liability of Successor for Predecessor's Wrongful Deposits.

Treasurer of city of the fourth class did not, as successor treasurer, become insurer of funds wrongfully deposited in unsound bank by her predecessor nor assume liability therefor beyond her official control or power of recapture.

4. Same—Treasurers—Demand on Insolvent Bank.

Successor treasurer of fourth class city and her surety *held,* not liable for failure to withdraw funds wrongfully deposited in an unsound bank which had been designated as ·a depositary where depositary was hopelessly insolvent during defendant treasurer's incumbency and had she made demand for city funds it would have brought the same total loss as occurred without her having made one.

Appeal from Gogebic; Driscoll (George O.), J. Submitted June 22, 1937. (Docket No. 23, Calendar No. 39,307.) Decided November 10, 1937.

Assumpsit by City of Bessemer, a municipal corporation, against Katherine I. Korpi and Fidelity & Deposit Company of Maryland, a foreign corporation, for negligently failing to remove moneys deposited in a bank. Judgment for plaintiff. Defendants appeal. Reversed without a new trial.

*Wm. F. Pellow, Charles M. Humphrey* and *Ivan D. Wright,* for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Toohy* and *Edward W. Massie* (*Clifford M. Toohy* and *George D. Haller,* of counsel), for defendants.

Wiest, J.   This is a suit by the city of Bessemer against its former treasurer, Katherine Korpi, and the surety on her official bond to recover funds of the city, deposited by her immediate predecessor in a local bank, designated by the governing body of the

municipality, but without adequate security, and not withdrawn by her before the bank failed.

In *City of Bessemer* v. *Re, ante,* 180, we have set forth the situation up to the time Miss Korpi became treasurer on May 2, 1933, and the amount then on deposit.

The depository closed on May 18, 1932. Miss Korpi was an invalid, confined to her home. On May 9th, her deputy deposited $880.70 in the bank, and $402.34 on May 18th, and during the same period she withdrew $1,977.82.

The circuit judge heard the case without a jury, found that defendant Korpi, on May 3d, had assumed the control of and responsibility for $11,270.52, the amount the bank could then have paid and she could have withdrawn and—

"Through her failure to withdraw such funds and her deposits of May 9th, and May 18th, before mentioned, totaling $1,283.04, plaintiff sustained a total loss of $12,553.56, less, however, the sum of $1,977.82, which appears to have been withdrawn from said bank during the control of such funds, making plaintiff's loss due to Korpi's default the sum of $10,575.74."

Judgment for that sum, with interest thereon, was entered against defendants. Defendants prosecute review by appeal and, among other grounds, contend that the findings and judgment thereon are against the preponderance of the evidence.

Plaintiff contends that defendants, not having moved for a new trial on such ground, cannot have the invoked review, citing *Boran* v. *New York Life Ins. Co.,* 274 Mich. 638, and *Jenkins* v. *Bentley,* 277 Mich. 81.

In *Riber* v. *Morris,* 279 Mich. 344, we reviewed those cases and held that under Court Rule No. 64 (1933), an appellant, in a nonjury case, without mov-

ing for a new trial, may assign as error that the judgment is against the preponderance of the evidence.

The receiver of the bank was called by plaintiff and testified that on May 3d, the day after Miss Korpi took office and the day the court found she could have withdrawn $11,270.52, the cash in the vault of the bank was $166.86, and the amount due and available from correspondent banks was $2,176.40. The receiver explained the last item as follows:

"There was a net balance due from the First Wisconsin National Bank to the Peoples State Bank as of May 3, 1932, which according to the statement was $6,309.98. That was the amount which the Peoples State was carrying as accounts receivable from the Milwaukee Bank. As against that the Peoples State Bank of Bessemer owed the First Wisconsin National Bank $114,500 in bills payable. There was one note dated May 2, 1932, at the First Wisconsin which was secured by various securities. The total of items due from correspondent banks and including cash on hand in the Peoples State Bank as of May 3, 1932, exclusive of the amount due from the First Wisconsin National Bank was $2,176.40."

The circuit judge, however, found that Miss Korpi, on May 3d, could have withdrawn $11,270.52, evidently taking that amount from the mere book entries without the mentioned explanation.

April 7, 1932, the common council of the city of Bessemer designated the Peoples State Bank a depository upon furnishing collateral, to be in the hands of the city clerk by April 12th, and, in the event of failure so to furnish the security for the total amount of the city funds, then the amount to be deposited should not be greater than the collateral furnished, and directed the city clerk, city attorney and finance committee to see that no depository for the

city of Bessemer funds should have on deposit more than the amount of the collateral furnished.

On April 18th, the resolution was amended by requiring the collateral security to be in the hands of the city clerk by April 28th, making it the duty of the city treasurer and the city clerk to see that no depository should have city funds on deposit in excess of the collateral furnished.

On April 1st, defendant Korpi's predecessor deposited $30,000 in the Peoples State Bank and, after the mentioned resolutions and during his term of office, he did not, in compliance with the mentioned resolution, make withdrawal.

On May 2d, the day Miss Korpi became treasurer, the common council, by resolution, provided:

"That all moneys received by the city treasurer shall be deposited daily in depositories which are designated by the common council. * * * A report shall be made daily to the city clerk of all deposits."

This did not change the previous resolutions. The resolutions, limiting deposits to the amount of security, were directions to the treasurers of the city to withdraw all in excess of the security.

On May 3d, although the then deposits had all been made by her predecessor, it was the duty of Miss Korpi, as treasurer, if it could have been done, to make the necessary withdrawal. Liability for failure to do so may not, however, be based on an impossibility, not of her own creation, but upon what may fairly be found would have been accomplished had she endeavored to make the withdrawal. What should have been done by her and not done is, in its consequences, measured by what would have been, in fact, otherwise accomplished.

Miss Korpi did not, as successor treasurer to Mr. Re, become an insurer of the funds he had wrong-

fully deposited in the bank, nor did she assume liability therefore beyond her official control or power of recapture.

The bank was hopelessly insolvent and at no time during the incumbency of Miss Korpi could it have paid the city deposits and it is manifest that any demand by Miss Korpi would have been futile and brought an earlier closing of the bank and the same total loss of the city funds as happened a few days later.

The judgment is reversed without a new trial and with costs to defendants.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.