## HUDSON *v.* ENICHEN.

DAMAGES—CONVERSION—INTEREST—EVIDENCE.

In nonjury action for conversion of assets of garage business as a going concern, judgment for $2,000 and $400 interest, entered by trial court after taking testimony on remand from Supreme Court for assessment of damages, is set aside and judgment for $3,000 and interest from date of conversion to date of entry of judgment is ordered, where there was testimony of one defendant that the value of the assets was only $506, that the forced cash sale value was from $2,000 to $3,000, and that the same assets had been transferred to a corporation for $6,000 but not as a cash sale; of a representative of the chattel mortgagee that a foreclosure sale would have brought $2,500 or $3,000; of a witness who inventoried the property that it had $2,000 quick sale value but was worth $9,500 to defendant corporation as a going concern, both parties ask that Supreme Court make a final determination of the issue involved, there being no practical advantage in ordering a third trial and the judgment entered not representing the actual true cash value of the property at the time of the conversion.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 4, 1944. (Docket No. 46, Calendar No. 42,835.) Decided November 30, 1944.

Case by Harold G. Hudson, trustee in bankruptcy of Enichen-Cain, Inc., a Michigan corporation, against Albert Enichen, Marie Enichen, Oliver M. Whitlow, Franc Whitlow, and Midtown Motors, Inc., a Michigan corporation, for conversion of property. Plaintiff appeals from judgment in an insufficient amount. Reversed and remanded for entry of judgment in an increased amount.

*Fred G. Stanley* and *Don B. Sharpe,* for plaintiff.

*William J. Hover,* for defendant.

BOYLES, J.  This case was before the court in *Hudson* v. *Enichen,* 308 Mich. 79.  In that case judgment for plaintiff in the sum of $1,150 and costs was set aside as being inadequate and against the preponderance of the evidence.  A new trial was granted and the case was remanded only to determine the disputed issue relative to the value of the property converted.  Except as to this issue now in dispute the facts sufficiently appear in that opinion.

Further testimony was taken by the court without a jury on new trial and judgment entered in favor of plaintiff for $2,000 plus $400 interest, and costs. Plaintiff again appeals on the sole ground that the judgment is inadequate and contrary to the great weight of the evidence as to damages.

There was testimony that at the time defendant Midtown Motors, Inc., took over the assets transferred to it by the defendant Albert Enichen, according to its books the assets were valued at $3,560.49. There was other testimony that the parts inventory at that time was $3,560.49, and the accessory inventory $783.04.  There was testimony by defendant Albert Enichen that the sale value of the assets was only $506.  This same defendant had previously

testified that the value of the property on the market at a forced cash sale was from $2,000 to $3,000; and he had transferred the same property to defendant Midtown Motors, Inc., for $6,000, but not as a cash sale. Under these circumstances the circuit judge properly gave little credence to Enichen's estimate of $506 as the value of the property at the time of the conversion. A representative of the finance company which had a chattel mortgage on the property testified "we couldn't have gotten more than $2,500 or possibly $3,000 for it if we had foreclosed." Defendant Midtown Motors, Inc., originally entered on its books the parts and accessories, furniture and fixtures, at a much greater valuation, but the reason for this high valuation was to some extent explained. A witness who inventoried and appraised the property testified it was worth about $2,000 quick sale value, and placed the fair value of the property to the defendant corporation as a going concern at $9,500. Defendant Albert Enichen gave a chattel mortgage back to defendant Whitlow for $6,000 on the property when he bought it, which mortgage was assumed by Midtown Motors, Inc., when it took over the property from Enichen May 7, 1940. This mortgage was payable in instalments and Whitlow has now received from Midtown Motors, Inc., all but about $2,200 of the principal.

From this wide range of conflicting testimony, as well as other testimony to which we do not refer in the interest of brevity, the court must determine the value of the property at the time of conversion. Neither the minimum value at forced sale ($2,000) nor the amount for which the property was sold by defendant Albert Enichen to defendant Midtown Motors, Inc., on instalment payments ($6,000) is conclusive of the actual true cash value at the time of conversion. We are impelled to the conclusion that the

trial court in fixing the true cash value at $2,000 has been governed by the minimum cash value at forced sale, not the actual true cash value of the property at the time of conversion. Nor would it comport with the rule if the value were fixed at $6,000 as urged by plaintiff. Neither the fact that the property was later given a book value of $9,500 on the books of Midtown Motors, Inc., nor the fact that some of the parts were later sold for junk, provides any definite criterion for determining the actual value. However, all of this testimony has a bearing on the result. We feel constrained to hold that the judgment of $2,000 and $400 interest is too low, and that it does not represent the actual true cash value of the property at the time of the conversion. ·

In their briefs counsel for both plaintiff and defendants have directed attention to the fact that this case has now been tried twice, appealed twice, that all the testimony as to the issue involved is now before this court, and that no practical advantage can come through the ordering of a third trial. Both parties ask that we make a final determination of the issue involved. With that in mind, the judgment will be set aside and the case remanded for entry of judgment for plaintiff in the sum of $3,000 and interest at the legal rate to be computed from May 7, 1940 (which we find to be the time of the conversion), to the date of the entry of judgment. Appellant may have costs.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.