HOLCOMB v. BULLOCK.

1. ELECTION OF REMEDIES—INDEPENDENT CONTRACTOR—NEGLIGENCE.
   The fact that plaintiff, a truck driver who drove his own truck while hauling gravel, accepted benefits under the workmen's compensation act and even attempted to obtain an award of compensation thereunder did not effect an election of remedies preventing him, an independent contractor, from suing defendant to recover damages for injuries sustained by reason of the negligence of an employee of defendant.

2. MASTER AND SERVANT—NEGLIGENCE—INDEPENDENT CONTRACTOR—REMEDY.
   The remedy of a plaintiff, as an independent contractor, for injuries sustained by reason of the negligence of the employees of person who engaged the services of the plaintiff is by way of an action for damages, there being no recovery permissible to such a plaintiff against the defendant under the workmen's compensation act.

3. ELECTION OF REMEDIES—NEGLIGENCE—REMEDY.
   A plaintiff who has only one remedy for injuries sustained as the result of another's negligence has no right of election of remedies.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 64, 65.
[2] 27 Am Jur, Independent Contractors § 27.
[3] 18 Am Jur, Election of Remedies § 9.
[4] 19 Am Jur, Estoppel § 42.
[5] 35 Am Jur, Master and Servant § 477.
[6] 27 Am Jur, Independent Contractors § 58.
[7, 8] 15 Am Jur, Damages § 231.
[9] 14 Am Jur, Costs § 91.

4. ESTOPPEL—DAMAGES.

A defendant who has neither been misled to his prejudice by improper conduct on plaintiff's part nor has had material facts concealed from him by plaintiff may not raise the defense of estoppel as a bar to an action for damages.

5. PLEADING—RAISING ISSUE—EMPLOYMENT—INDEPENDENT CONTRACTORS.

Issue as to status of plaintiff with respect to his relationship with defendant was raised when defendant's claim that plaintiff was his employee was met by amendment to declaration containing an averment that plaintiff was an independent contractor.

6. MASTER AND SERVANT—INDEPENDENT CONTRACTOR—NONJURY CASE —FINDING OF COURT.

Evidence adduced in truck driver's nonjury action against defendant for whom he hauled gravel *held*, to support trial court's finding that plaintiff was an independent contractor.

7. DAMAGES—UNLIQUIDATED CLAIM—INCREASE BY SUPREME COURT— COURT RULES.

Allowance made to plaintiff for damages in his nonjury action against defendant whose negligent employee damaged plaintiff's truck and inflicted personal injuries *held*, not subject to increase by the Supreme Court, since the damages sought to be recovered were unliquidated, the sum allowed was substantial, and plaintiff was not incapacitated from pursuing profitable employment, the court rule providing that the Supreme Court should give any judgment and make any order that the trial court should have granted or made not having been intended that the Supreme Court should act as a jury in determining the amount of unliquidated damages (Court Rule No 72, § 1[g] [1945]).

8. APPEAL AND ERROR—SUPREME COURT—UNLIQUIDATED DAMAGES.

The Supreme Court may not, on appeal from the denial of a plaintiff's motion to increase damages in a nonjury action, determine the credibility of witnesses, weigh the testimony and substitute its judgment for that of the circuit judge who heard the cause involving a finding as to unliquidated damages (Court Rule No 72, § 1[g] [1945]).

9. COSTS—NEITHER PARTY PREVAILING IN FULL.

No costs are allowed either party, where defendant appealed, plaintiff cross-appealed and judgment is affirmed, since neither party has fully prevailed.

Appeal from Genesee; Roth (Stephen J.), J. Submitted June 4, 1958. (Docket No. 19, Calendar No. 47,571.) Decided September 9, 1958.

Case by Clare Holcomb against Lester Bullock for damages arising from collision of motor vehicles. Judgment for plaintiff. Defendant appeals. Plaintiff cross-appeals from denial of motion to increase judgment. Affirmed.

*H. Donald Bruce,* for plaintiff.

*Ransom & Fazenbaker,* for defendant.

CARR, J. Plaintiff was injured in a traffic accident occurring on Miller road, Genesee county, on May 17, 1951. He was at the time engaged in hauling gravel, with his own truck, for the defendant. A collision occurred between plaintiff's vehicle and a truck operated by defendant's employee, both drivers sustaining serious physical injuries.

Following the accident plaintiff received voluntary payments from defendant's workmen's compensation insurance carrier for the period from May 18 to July 31, 1951, in the total sum of $320. His hospital bill, amounting to $305.75, and a physician's bill for $110 were likewise paid. The present action for damages was started by summons on August 7, 1951, the declaration being filed November 16th following. Thereafter defendant filed a demand for a more specific declaration with reference to the nature of plaintiff's employment at the time of the accident, and by whom he was employed. To such demand plaintiff answered that at the time of sustaining the injuries for which he sought damages he was self-employed and rendering services for defendant as an independent contractor. Said answer was filed February 11, 1952. Defendant's answer to the dec-

laration was filed March 24, 1953, at which time the cause was at issue. In his pleading defendant alleged affirmatively that on the 17th of May, 1951, plaintiff was an employee of the defendant, that as such he was subject to the provisions of the workmen's compensation act of the State, and that he had accepted compensation thereunder. No specific reply to these averments was made on behalf of the plaintiff.

On April 13, 1954, the case was dismissed for lack of progress. In July, 1955, plaintiff made application for benefits under the provisions of the workmen's compensation law of the State.* Hearing was had before a referee of the commission in January following, plaintiff being denied compensation. The order was reviewed by the appeal board, which affirmed the finding of the referee. It is not disputed that such action was based on the conclusion that plaintiff was an independent contractor rather than an employee of defendant at the time of the accident. The denial of compensation by the appeal board was not appealed to this Court.

While the proceeding under the compensation act was pending plaintiff procured the instant case to be reinstated. The order therefor was signed by the circuit judge on December 29, 1955, and filed on January 12th thereafter. On February 29, 1956, plaintiff filed an amendment to his declaration, alleging that at the time of his injury on May 17, 1951, he was an independent contractor and not an employee of the defendant subject to the workmen's compensation act. It was further set forth in said amendment that the driver of defendant's truck was guilty of negligence in operating said vehicle on the left side of the center line of the 2-lane highway. No answer to this amendment was filed by defendant.

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1950 Rev § 17.141 *et seq.*, as amended]).

The case was tried, beginning July 10, 1957, be-. fore the circuit judge without a jury. During the course of the proceeding counsel for defendant moved to dismiss the action, alleging in support thereof that plaintiff had elected to pursue his remedy under the workmen's compensation act, thereby barring any right that he might have had to sue in a court of law for his damages, and that by failing to reply to the claim set forth in defendant's answer that at the time of the accident he was an employee of defendant and as such subject to the provisions of the compensation act, he had admitted such affirmative defense. The motion was denied, and at the conclusion of the proofs judgment was entered for the plaintiff in the sum of $11,000, the court finding that negligence on the part of defendant's driver was the proximate cause of the accident, and that plaintiff was at the time an independent contractor rather than an employee of defendant.

Following the decision of the case by the circuit judge counsel for plaintiff, on August 27, 1957, submitted a motion to increase the judgment, averring in support thereof that the amount of damages found was inadequate to cover loss of earnings and other elements of damage. The motion was denied. Counsel for defendant filed claim of appeal from the judgment, and plaintiff claimed a cross appeal from the denial of the motion to increase the judgment, specifying therein that such appeal was "limited to increasing the judgment heretofore entered in plaintiff's behalf."

On behalf of defendant it is argued that plaintiff should be held estopped to pursue his action at law for damages because of his acceptance of benefits under the workmen's compensation act and his subsequent attempt to obtain an award of compensation. The claim that there was an election of remedies on plaintiff's part, advanced on the trial

of the cause, was not well-founded under the facts in the controversy. At the time of the accident plaintiff was not an employee of the defendant and, hence, was not entitled to invoke the benefit of the workmen's compensation act. It may be assumed that when the voluntary payments were made and accepted both parties were in error as to the legal relationship existing between them.

The finding of the court in the instant case that plaintiff was actually an independent contractor and rendering services to defendant as such on the 17th of May, 1951, is not questioned. The situation was, in consequence, that plaintiff had no right to pursue any remedy other than by way of an action at law for damages. The cases of *Twork* v. *Munising Paper Co.,* 275 Mich 174; *Morris* v. *Ford Motor Company,* 320 Mich 372; and *Demkiw* v. *Briggs Manfg. Co.,* 347 Mich 492, are distinguishable on the facts. In each of said cases the relation of employer and employee between the parties existed at the time plaintiff's injury was sustained. Relief was sought in each case on the basis of such relationship, and the duties, incidents and obligations pertaining thereto. Each holding was predicated on the provisions of the workmen's compensation law and the obvious purpose of the legislature in its enactment. In the case at bar the situation is fundamentally different. The requisite relationship not existing, plaintiff had no right to seek benefits under said act. He had no right of election as to his remedy. The fact that he may have been in error in his conclusion as to the legal relationship between himself and the defendant does not alter the situation.

For somewhat analogous reasons defendant's claim of estoppel must be rejected. Assuming that the averments of fact in defendant's answer to plaintiff's declaration are sufficient in substance to permit the argument to be advanced, the facts as disclosed

by the record before us do not afford a proper basis for the application of the doctrine. The parties were equally informed with reference to the nature of the relationship existing between them at the time of the accident. There was no concealment on plaintiff's part of any material facts bearing on the question, nor does it appear that defendant was misled to his prejudice by improper conduct on plaintiff's part. No claim is made that there was any deliberate attempt to mislead defendant. The conclusion is fully warranted that defendant knew all material facts involved. Such being the case he is not entitled to assert a claim of estoppel. *Cudahy Brothers Co. v. West Michigan Dock & Market Corp.*, 285 Mich 18, 26; *Richards v. Lowrie & Webb Lumber Co.*, 317 Mich 42. See, also, *Viaene v. Mikel*, 349 Mich 533, 542.

It is further contended on behalf of defendant that plaintiff's failure to file reply to the affirmative allegations in the answer to the declaration must be construed as a binding admission of the truth of the averments as to plaintiff's employment by defendant. Reliance is placed on Michigan Court Rule No 23, § 2 (1945), which provides that:

"Every material allegation in the declaration or bill to which the defendant shall not make answer shall be taken as admitted by the defendant."

Court Rule No 24 imposes a like duty on plaintiff with reference to the denial of affirmative defenses alleged in the answer in any action. Cited also in support of the claim are *Neada v. State Farm Life Insurance Company*, 324 Mich 233; and *Zdero v. Briggs Manufacturing Company*, 338 Mich 549. The situations involved in these cases were materially different from that in the case at bar. As before noted, plaintiff, in reply to defendant's demand for a more specific declaration with reference to plaintiff's em-

ployment at the time of the accident, replied under
date of February 11, 1952, to the effect that he was at
said time self-employed and was working under a
contract with defendant as an independent contrac-
tor.   Defendant by his answer subsequently filed
averred that plaintiff was an employee of defendant
and that the parties were subject to the Michigan
workmen's compensation act.   The declaration was
formally amended prior to trial, on February 29,
1956, affirmatively alleging the status of plaintiff
at the time of his injury as that of an independent
contractor, in effect denying the claim set forth in
defendant's answer.   We think it may be said that
issue was fairly joined on the question whether
plaintiff was, as he claimed, an independent contrac-
tor, or, as defendant claimed, an employee. *Dramis
v. Dunbar,* 280 Mich 300, 305.   The trial court was
not in error in determining the matter on the basis
of the proofs.

This brings us to a consideration of the question
raised by plaintiff's appeal from the order of the
circuit judge refusing to increase the judgment.   It
is contended that the testimony of the plaintiff with
reference to his loss of earnings following the acci-
dent, and the proofs relating to the extent of the
injuries sustained by him, justified, and in fact re-
quired, a judgment in a greater sum than as deter-
mined by the trial judge.   In effect, this Court is
asked to weigh the testimony and to fix the dam-
ages to which plaintiff is entitled.   In deciding the
cause the circuit judge called attention to the fact
that the testimony relating to plaintiff's damages
was "rather weak."   Plaintiff's testimony indicated
that he had records of his earnings after the acci-
dent, but he failed to produce them in court.   Appar-
ently reliance was placed on the trial on the fact
that plaintiff lost the use of his truck because of
the accident and, in consequence, sustained damages

due to inability to carry on the business in which
he had been previously engaged. He sought and
obtained damages because of the loss of the truck,
but obviously was not entitled to ask further dam-
ages on the ground that he was deprived of the
continued use of the vehicle in his hauling operations.
It is in evidence that in, 1951 following the injuries
that he received in the accident he engaged in the
hauling of gravel for another party by whom a truck
was furnished. The proofs fully justify the con-
clusion that plaintiff was not incapacitated from pur-
suing profitable lines of employment as the result
of his injuries. The damages sought to be recov-
ered were unliquidated. The trial judge listened to
the testimony and presumably used his best judg-
ment in weighing it and in determining the amount
of recovery that should be allowed.

Emphasis is placed by plaintiff's counsel on the
fact that this Court, faced with a motion for a new
trial on the ground of excessiveness of verdict and
judgment, has held that the motion should be granted
unless the plaintiff would voluntarily remit a por-
tion of the judgment, thereby reducing it to an
amount that the proofs might be construed as sus-
taining. Attention is also directed to Michigan Court
Rule No 72, § 1, subd (g) (1945), with reference to
the power of this Court to "give any judgment and
make any order" which the trial court should have
granted or made. However, it was not the intent
of such provision of the rule that this Court should
act as a jury in determining the amount of unliqui-
dated damages. The rule generally specified in
States wherein the civil law is not followed recog-
nizes that there is no right or power to increase
the amount of a verdict for such damages. 3 Am
Jur, Appeal and Error, § 1180, p 688.

In *Burdict* v. *Missouri Pacific R. Co.*, 123 Mo 221
(27 SW 453, 26 LRA 384, 45 Am St Rep 528), it

was urged that if a court may properly reduce damages when excessive, an increase in case of an inadequate verdict might with equal propriety be granted. The argument was rejected, the court saying (p 241):

"We do not see the force of this line of argument. In one case the court simply says the judgment may stand for a part of the amount found by the jury, while in the other case it would add something never within the terms of the verdict."

Counsel for plaintiff in his supplemental brief has cited certain prior decisions of this Court in each of which it is claimed this Court increased the judgment of the trial judge sitting without a jury. None involved facts analogous to those in the case at bar. In *Yelverton* v. *Hilliard,* 38 Mich 355, the action was in ejectment. A review of the record indicated that the judgment entered was not in accordance with the trial court's findings as to the facts. The case was reversed, subject to the right to proceedings for a new trial under the statute, with the direction that the judgment entered should comply with the findings. The matter of determining unliquidated damages was not in issue. In *Hamilton* v. *Ames,* 74 Mich 298, the action was in assumpsit on a lease. Involved was the right to recover because of the failure of lessee to pay taxes in accordance with the contract. An error apparently occurred in the computation of the trial judge, and this Court directed that the judgment be amended to represent the amount of the taxes and the interest upon the same to the date of judgment in the circuit court. Here, again, the controversy did not involve unliquidated damages. *Burnham* v. *Dillon,* 100 Mich 359, is also cited. That, however, was a suit in equity and as such was tried *de novo* by this Court on the record filed in the cause.

In *Jenkins* v. *Bentley,* 277 Mich 81, plaintiff brought suit in his own right to recover for amounts expended by him on account of injuries to his minor son, claimed to have resulted from the negligence of defendant. As guardian, he brought a second suit for personal injuries sustained by the son. In the first case plaintiff concluded that the amount of the judgment in his favor was inadequate, and appealed. Both parties appealed from the judgment in favor of plaintiff as guardian. Plaintiff contended in the first case that the trial court, hearing the cases without a jury, erred in not awarding adequate damages. He did not ask that a new trial be granted, but that the Court increase the award of damages. Referring to Court Rule No 64 (1933), which is identical with the present Court Rule (1945) of the same number, the request was denied. A like claim as to inadequacy of the judgment was advanced in the second case, with like result. In the course of the opinion a statement was made that the judgments could not be reversed for the reasons assigned in view of the fact that no motion for a new trial was made in circuit court. It is apparent, however, that the result in each case was based on the conclusion that under the rule the Court was without jurisdiction to substitute its judgment for that of the circuit judge on the question of damages. In *Riber* v. *Morris,* 279 Mich 344, cited by plaintiff, the Court made reference to the statement in *Jenkins* v. *Bentley* with reference to the failure of plaintiff to move for a new trial, pointing out (p 347) that such statement was "not necessary to decision, was incorrect and is now deleted." The Court did not intimate in the latter case that the decisions in the *Jenkins Cases* were erroneous. The holding that the Court Rule precluded the granting of the relief sought was impliedly approved.

In *Ginsberg* v. *Reliable Linen Service Co.,* 292 Mich 70, this Court, in reversing a judgment in favor

of defendant in an action of assumpsit on a contract, concluded that the trial court was in error in the construction placed on the agreement as written. The case was accordingly reversed and remanded for determination of damages.

In *Hudson* v. *Enichen,* 310 Mich 18, to which counsel for plaintiff calls attention, the action was brought for conversion of property. On the first trial in circuit court plaintiff was given a judgment in the sum of $1,150. This Court, on appeal, held that said amount was inadequate and against the preponderance of the evidence. A new trial was granted, which resulted in a judgment for plaintiff in the sum of $2,000, together with $400 interest, and costs. The case was appealed the second time by plaintiff on the ground that the judgment was inadequate, and that the testimony relating to the value of the property at the time of conversion so indicated. Counsel representing plaintiff, and likewise counsel representing defendants, called attention to the fact that the case had been tried twice and twice appealed, and asked that this Court make a final determination of the issue involved, which the Court did. The case was remanded for entry of judgment in the sum of $3,000 together with interest from the time of conversion to the date of entry of judgment. Obviously an unusual situation was presented, and apparently this Court took the action indicated because of the requests of the parties. It will be noted that the appeal was from the judgment entered, and was not based on a refusal by the trial judge to increase it.

In *Stone* v. *Posen,* 310 Mich 712, also cited, the action was by the owner of a building against tenants because of damage by fire. Judgment was entered for $1,000. The undisputed testimony in the case disclosed that the total loss was $1,200. The situation was thus somewhat unusual in that the precise

amount of the damage sustained by plaintiff was fixed. Accordingly the judgment was reversed and the case remanded for entry of judgment in the sum of $1,200, in accordance with the record.

None of the cases cited by counsel may be said to support the claim that in a tort action involving a finding as to unliquidated damages this Court may on appeal determine the credibility of witnesses, weigh the testimony, and substitute its judgment for that of the circuit judge hearing the cause. We are in accord with the general principle that such practice is improper and is unauthorized by either statute or rule. As noted, the appeal taken by plaintiff was limited in scope, being directed to the action of the trial court in denying plaintiff's motion for an increased judgment. On the record in the case we may not say that the circuit judge erred in denying said motion.

The judgment is affirmed, but without costs, neither party having fully prevailed.

DETHMERS, C. J., and KELLY, EDWARDS, and KAVANAGH, JJ., concurred with CARR, J.

BLACK, J. (*concurring*). For reasons given over my signature in *Demkiw* v. *Briggs Manfg. Co.,* 347 Mich 492, 499, and for correspondingly stated reasons appearing in *Viaene* v. *Mikel,* 349 Mich 533, I agree that plaintiff did not make an election of remedy in bar of this suit and that he is not estopped from pursuing it to final judgment.

As to the question posed by plaintiff's cross appeal, I agree fully with Mr. Justice CARR's reasoning to conclusion that this Court cannot increase the amount of an award, made in the trial court, of damages for personal injuries.

I concur in affirmance, without costs.

SMITH and VOELKER, JJ., concurred with BLACK, J.