COOPER *v.* SMITH.

ELECTION OF REMEDIES—ASSUMPSIT—REPLEVIN.

> By bringing *assumpsit* for the value of chattels in the possession of the defendant under an option to purchase from the plaintiff, the latter elects his remedy, and cannot thereafter maintain replevin for the property, although the suit in *assumpsit* has in the meantime been discontinued.

Error to Chippewa; Steere, J. Submitted April 9, 1896. Decided May 26, 1896.

Replevin by Fred Cooper against William S. Smith. From a judgment for defendant, plaintiff brings error. Affirmed.

*Holden & Steinlein* and *McDonald & Chapman*, for appellant.

*John W. Shine*, for appellee.

MOORE, J. Plaintiff sued defendant in justice's court in replevin for an omnibus and one set of hub runners, valued at $40, his declaration being in the usual form. Defendant pleaded the general issue, and gave notice that he had bought the property for $40, and that he was the owner of it; that in January, 1895, the plaintiff had sued him in *assumpsit* for the purchase price of the omnibus, in which suit a bill of particulars was filed, claiming pay for the omnibus, $40; that issue was joined in that case January 19, 1895, and the cause adjourned until February 6, 1895, at which time plaintiff discontinued his suit and commenced this one; that on January 25, 1895, one Campbell sued Cooper in *assumpsit* as principal defendant, and garnished defendant, Smith; that, February 4, 1895, the case between Campbell and

Cooper was tried, and judgment rendered in favor of Campbell for $26.80 and costs; that on January 25, 1895, a garnishee summons was issued in the above suit against defendant, Smith, and on February 26, 1895, a trial was had therein, and a judgment rendered against Smith, garnishee defendant, for $29.65 and costs, $4.15; that no appeal was taken from either of these cases.

The justice tried the case without a jury. The case was then appealed to the circuit court, where it was tried by the circuit judge without a jury. The records introduced before the circuit judge showed that proceedings had been had in justice's court as stated in the notice attached to defendant's plea. The circuit judge rendered judgment in favor of the defendant for the reason that Cooper, plaintiff, in suing defendant, Smith, in *assumpsit*, in the same matter for which he now brings replevin, had elected his remedy, and that his election bars him in this proceeding. Plaintiff brings the case here, assigning various errors in the introduction of testimony, none of which, we think, are well taken.

If the trial judge was right in holding that, when Cooper sued in *assumpsit* for the same subject-matter involved in the replevin case, he elected his remedy, that should dispose of this controversy. Smith claimed that, in the spring of 1893, he bought the property of Fred Cooper, who represented that he was acting for Mrs. Richley, and that the title passed to him. Cooper claimed the sale was not absolute, but that the property was stored with Smith, who was to decide later if he needed it, and, if he did, was to buy it, and pay for it, and that the title should not pass until paid for; that about July 14, 1893, Smith told him he could have neither the property nor the money. The property passed into the possession of Smith about April, 1893, and was in his possession when Cooper sued in *assumpsit*, declaring on all the common counts in *assumpsit*, and especially for one omnibus of the value of $40, and filing a written bill of particulars in which he recites that his demand is for one street bus

of the value of $40. The case comes clearly within the ruling of *Thomas* v. *Watt*, 104 Mich. 201, and cases cited in the opinion therein, written by Mr. Justice LONG.

The judgment is affirmed, with costs.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.