DONOVAN v. CURTS.

1. FRAUD—ONE DEFRAUDED HAS CHOICE OF REMEDIES.

One defrauded has the choice of two inconsistent and independent remedies, viz., to affirm the contract and bring an action for the damages occasioned by the fraud, or to rescind the contract and bring an action to recover the money paid.

2. ELECTION OF REMEDIES—ONE ELECTING REMEDY IS THEREBY PRECLUDED FROM RECOVERING ON INCONSISTENT THEORY.

One who elected to affirm the contract in which she claimed to have been defrauded by bringing an action for damages thereby irrevocably fixed the status of her rights, and she is therefore precluded from recovering, after amending her declaration, on the theory of rescission, since the contract was no longer voidable.

Error to Wayne; Webster (Clyde I.), J. Submitted June 5, 1928. (Docket No. 13, Calendar No. 32,046.) Decided January 7, 1929. Rehearing denied March 29, 1929.

Case by Mary Donovan against Joseph A. Curts for money obtained by fraud and deceit. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Affirmed.

*Oswald C. Grattan,* for appellant.

*Harvey S. Durand,* for appellee.

McDONALD, J. This suit was brought to recover money invested by the plaintiff in a partnership business which she claims she was induced to enter by fraudulent representations of the defendant. The defendant was engaged in a wholesale candy business in the city of Detroit, Michigan. On July 1,

As to effect of action as an election of remedy or choice of substantive rights in case of fraud in sale of property, see annotation in 35 A. L. R. 1153.

1920, he entered into a partnership agreement with the plaintiff whereby she was to have a half interest in the business for $15,000. The partnership continued until May 25, 1921, when, by mutual consent, it was dissolved and a bill of sale was executed transferring the business to the Curts Candy Corporation. For their respective partnership interests, each partner was to receive 9,500 shares of common stock and 2,000 shares which were to be held jointly. The corporation went into bankruptcy in May, 1922. The plaintiff says that in December, 1921, she first learned that she had been fraudulently induced to enter into the partnership agreement. She demanded a return of her money, but did not get it. On March 17, 1922, she began suit against the defendant by *capias ad respondendum* to recover damages for fraud and deceit. On March 29, 1922, by stipulation an order was entered quashing the *capias*. The case stood without further action until May 19, 1923, when the present counsel for the plaintiff appeared and filed a motion to amend the declaration. Over the objection of defendant's counsel, the court permitted an amendment setting forth a cause of action based on a rescission of the contract. On this theory the cause was tried. At the conclusion of the case, the defendant moved for a directed verdict, and, in addition to other grounds, urged that the plaintiff could not recover on her amended declaration, the theory of which was rescission, after having filed the original declaration on the theory of affirmance. The court reserved a ruling on the motion under the statute and submitted the case to the jury. Plaintiff received a verdict of $11,802.03. On motion, the court entered a judgment for the defendant *non obstante veredicto*. The plaintiff has brought error.

As we are of the opinion that the plaintiff cannot recover on her amended declaration, it will not be necessary to discuss other questions presented by the record. When the plaintiff discovered the fraud, she had a choice of two inconsistent and independent remedies. First, she could affirm the contract and sue for damages occasioned by the fraud; or second, she could rescind it and bring an action to recover the money which she had paid. She chose the first. She began suit by *capias,* and in both her affidavit and declaration alleged that she had an action for damages for fraud and deceit. Subsequently the writ was quashed by stipulation. Nothing further was done with the suit until more than a year later, when the amended declaration was filed on the theory of rescission. There was no mistake in the remedy first chosen. There was nothing to prevent a prosecution of her suit for damages on the theory of affirmance. She chose that remedy with full knowledge of the facts, and in so doing irrevocably fixed the status of her rights. She could not thereafter rescind the contract. It was no longer voidable. *Thomas* v. *Watt,* 104 Mich. 201; *Cooper* v. *Smith,* 109 Mich. 458; *Mintz* v. *Jacob,* 163 Mich. 280; *Weiss* v. *Stein,* 209 Mich. 482; 35 A. L. R. 1153–1163, notes.

The judgment of the circuit court is affirmed, with costs to the defendant.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.