SOTONYI *v.* DETROIT CITY GAS CO.

1. MASTER AND SERVANT—MINORS—CHILD LABOR LAW—DOUBLE DAMAGES.

In action by mother for death of minor son due to injuries received in course of employment, where it appears that he was not employed in violation of so-called child labor law (2 Comp. Laws 1915, § 5330 *et seq.*), provision of statute allowing recovery of double damages has no application.

2. SAME—WORKMEN'S COMPENSATION ACT—CLAIM UNDER ACT BARS
  ACTION AT LAW.

> Where claim under workmen's compensation act for death of
> minor son due to injuries received in course of employment
> was presented by mother to department of labor and industry
> and denied, from which no appeal was taken, action at law is
> thereby barred, since plaintiff elected her forum and is bound
> thereby (2 Comp. Laws 1915, § 5488).

Error to Wayne; Jayne (Ira W.), J. Submitted June 5, 1930. (Docket No. 33, Calendar No. 34,832.) Decided October 3, 1930. Rehearing denied December 2, 1930.

Case by Roza Sotonyi, administratrix of the estate of Louis Kozma, deceased, against Detroit City Gas Company, a Michigan corporation, for the death of her minor son in defendant's employ. From an order granting motion to dismiss, plaintiff brings error. Affirmed.

*Joseph Fabian,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant.

NORTH, J. This is a suit at law in which plaintiff seeks to recover damages incident to the death of her minor son, Louis Kozma, while in the employ of the defendant. A motion to dismiss was granted and plaintiff reviews this ruling by writ of error.

Plaintiff's intestate at the age of 20 sustained an accidental injury arising out of and in the course of his employment which resulted in his death. Thereafter Roza Sotonyi, plaintiff herein, applied to the department of labor and industry for an award of compensation to her as a dependent. Upon hearing before a deputy commissioner an award was made to the petitioner. On application of the defendant, there was review by the full board

and the award of the deputy commissioner was set aside and compensation to plaintiff denied. After this determination and without review thereof, plaintiff filed her declaration in the instant case. The facts above noted in this paragraph were alleged in plaintiff's declaration. Defendant appeared specially and moved to dismiss, assigning as grounds in support of its motion the following:

"(1) It affirmatively appears from the allegations in said declaration that the deceased, Louis Kozma, and this defendant were, at the times in said declaration mentioned, both subject to the provisions of the so-called workmen's compensation law of the State of Michigan, * * *.

"(2) It further affirmatively appears from the said declaration that plaintiff herein, as an alleged dependent of said Louis Kozma, did heretofore file a claim for compensation under the said workmen's compensation law and did submit said claim for arbitration to the department of labor and industry in the manner provided in said law * * * (and) the action of said plaintiff in submitting said claim for arbitration under the said law constituted * * * (an) absolute bar to this present action."

Plaintiff alleged in her declaration that the death of her minor son was brought about by the willful negligence of the respondent; and it is her claim that by reason thereof she is entitled to recover double damages and that the department of labor and industry has no jurisdiction to hear and determine the issue presented. This position is not tenable. Plaintiff's decedent was not employed in violation of the so-called child labor law. 2 Comp. Laws 1915, § 5330 *et seq.* It conclusively appears she elected her forum and pursued her remedy before the commission to a final and adverse conclu-

sion. She is bound thereby. 2 Comp. Laws 1915, § 5488; *Varga* v. *Detroit Edison Co.*, 240 Mich. 593, and *Simon* v. *Cadillac Motor Car Co.*, 242 Mich. 93. Defendant's motion to dismiss was properly granted, and the order of the circuit court is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.