MORRIS v. FORD MOTOR COMPANY.

1. Workmen's Compensation—Jurisdiction of Compensation Commission.

Exclusive jurisdiction over controversy involving an injury to an employee arising out of and in the course of his employment relationship with defendant is vested in the compensation commission and the filing of such a claim constitutes a release of all claims at law arising from the injury, irrespective of whether or not the injury was compensable under the act (2 Comp. Laws 1929, § 8410, as amended by Act No. 245, Pub. Acts 1943).

2. Election of Remedies—Workmen's Compensation—Action at Law.

Where an employee pursues his remedy under the workmen's compensation act he may not thereafter maintain an action at law.

3. Same—Inconsistent Theories—Workmen's Compensation—Action at Law.

The commencement of a proceeding before the compensation commission for treatment of stomach trouble as an injury there alleged to have arisen out of and in the course of employment and prosecution thereof to a determination from which no appeal was taken barred a subsequent action at law on the theory that it did not so arise, an inconsistent, opposite theory or claim.

4. Appeal and Error—Cross Appeal.

An appellee who has taken no cross appeal, may, nevertheless, urge in support of the judgment in his favor reasons rejected by the trial court.

Appeal from Wayne; Webster (Clyde I.), J. Submitted November 25, 1948. (Docket No. 26, Calendar No. 43,750.) Decided February 17, 1948. Rehearing denied April 5, 1948. Appeal dismissed by the Supreme Court of the United States October 11, 1948.

Case by Robert W. Morris against Ford Motor Company, a Delaware corporation, for damages resulting from claimed wrongful administration of soda and Epsom salts. Judgment for defendant on motion. Plaintiff appeals. Affirmed.

*Maurice Sugar, Benjamin Marcus* and *Morton Eden,* for plaintiff.

*Moll, Desenberg & Purdy,* for defendant.

DETHMERS, J.   While working at his job in the employ of defendant, plaintiff noticed a bloating and sour condition of his stomach and went to defendant's first-aid department where he received some soda and Epsom salts. Shortly thereafter he began to suffer cramps, left his work and went home. Later he underwent an operation, which disclosed a ruptured appendix. He filed a claim for workmen's compensation, alleging that he suffered an injury arising out of and in the course of his employment because of the wrongful administration of salts. The compensation commission of the department of labor and industry, relying on *Stables* v. *General Motors Corporation,* 315 Mich. 654, found that he had not sustained a personal injury arising out of and in the course of his employment and entered an order denying compensation, from which no appeal was taken.

Thereafter plaintiff filed suit in the Wayne county circuit court, alleging in his declaration that, under the circumstances, the administration of salts was dangerous, not in accord with sound or common medical practice and a breach of defendant's duty to plaintiff, with resultant injury and damage. Defendant moved to dismiss on the grounds that (1) plaintiff's remedy is exclusively under the work-

men's compensation act (see 2 Comp. Laws 1929, § 8410, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8410, Stat. Ann. 1947 Cum. Supp. § 17.144]); (2) plaintiff had elected his forum, thus barring later recourse to courts of law (see 2 Comp. Laws 1929, § 8478 [Stat. Ann. § 17.212]); (3) plaintiff pursued his remedy under the workmen's compensation act to decision by the compensation commission which is *res judicata* of defendant's liability to plaintiff. The court dismissed the case on the ground that "if there is any liability, it must be under compensation."

Plaintiff appeals, claiming that the case is not one covered by the workmen's compensation act and that the compensation commission has no jurisdiction over it.

The employer-employee relationship existed between plaintiff and defendant and both were subject to the workmen's compensation act. Plaintiff's claim for compensation alleged an injury arising out of and in the course of his employment. Under the statutes above noted exclusive jurisdiction over the issue thus presented is conferred upon the compensation commission and plaintiff's filing of such claim constituted a release of all claims at law arising from the injury. Whether plaintiff's injury and resultant disability were compensable under the act or not, his claim therefor was within the jurisdiction of the compensation commission, and, having proceeded before it under the act, he may not thereafter maintain an action at law. *Sotonyi* v. *Detroit City Gas Co.*, 251 Mich. 393; *Dailey* v. *River Raisin Paper Co.*, 269 Mich. 443; *Twork* v. *Munising Paper Co.*, 275 Mich. 174; *Curley* v. *Beryllium Corp.*, 278 Mich. 23; *Cell* v. *Yale & Towne Manfg. Co.*, 281 Mich. 564.

Plaintiff relies on *Grand Rapids Trust Co.* v. *Petersen Beverage Co.*, 219 Mich. 208, and *Hansen* v. *Pere Marquette R. Co.*, 267 Mich. 224. The *Peter-*

*sen Case* is distinguishable in that there the plaintiff was a minor, unlawfully employed, this Court holding that, for that reason, he did not come within the workmen's compensation act, as then in effect, and any proceeding taken thereunder was a nullity and no defense to a subsequent action at law. In the *Hansen Case* plaintiff had instituted suit in the Federal court and that court held he could not recover under the Federal employers' liability act because his employer was not engaged in interstate commerce. The subject matter having been one, as it developed, over which the Federal courts had no jurisdiction, we held that the proceedings there constituted no bar to prosecution of a claim before the department of labor and industry. Such is not the situation in the instant case.

Plaintiff proceeded before the compensation commission on the theory that his injury arose out of and in the course of his employment, but, now, in an action at law, proceeds on the theory that it did not so arise. Having adopted one theory before the compensation commission, he may not thereafter bring other proceedings based upon an inconsistent, opposite theory or claim. *Mintz* v. *Jacob,* 163 Mich. 280; *Donovan* v. *Curts,* 245 Mich. 348; *Mertz* v. *Mertz,* 311 Mich. 46.

Plaintiff contends that because defendant took no cross appeal he may urge and this Court may consider no reasons or grounds in support of the order of the trial court rejected or not adopted by it. In this plaintiff is in error. See *Township of Pontiac* v. *Featherstone,* 319 Mich. 382, and cases cited therein.

The order dismissing the case is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.