PILGRIM *v.* MENTHEN.

Workmen's Compensation—Proximate Cause—Injury at Entrance to Employer's Restaurant.
Dishwasher who arrived at restaurant 10 minutes before she was to begin work, fell and broke her hip either as she stepped up to entrance or was passing through it from the public sidewalk did not suffer a compensable injury since it did not arise out of and in the course of her employment notwithstanding the injury took place on the employer's premises.

Appeal from Workmen's Compensation Commission. Submitted April 11, 1950. (Docket No. 44, Calendar No. 44,700.) Decided May 18, 1950.

Mary Ellen Pilgrim presented her claim against Raphael Menthen, employer, and Sun Indemnity Company, insurer, for compensation for injuries alleged to have been sustained during employment. Award to plaintiff. Defendants appeal. Reversed.

*Stanton, Montgomery, MacKenzie & Cartwright,* for defendants.

Carr, J. The facts in this case are not in material dispute. On the 28th of August, 1948, and for some time prior thereto, plaintiff was employed as a

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation, §§ 221, 224.
Workmen's compensation: Injuries while entering or leaving place of employment as arising out of or in course of employment. 49 ALR 424; 82 ALR 1043.
Workmen's compensation: Injury to teamster or truckman before or after hours of work. 38 ALR 1041; 48 ALR 1400.

dishwasher in the restaurant of defendant Menthen at Clare, Michigan. Her hours were from 6 p.m. to 2:30 a.m. On the date mentioned she fell as she was entering the restaurant, and sustained a fractured hip. As a result of the injury she made application for compensation under the provisions of the workmen's compensation law of the State.*

Following a hearing before a deputy commissioner an award for total disability was made to plaintiff. The workmen's compensation commission affirmed the award; and defendants, on leave granted, have appealed to this Court, claiming that there was no evidence to support the conclusion of the commission that the accident and resulting injury arose out of and in the course of the employment.

At the entrance to the restaurant was a single step which was, it appears, on a level with the floor of the building. Testifying in her own behalf, plaintiff claimed that she had reached this step, had opened the screen door, and was about to enter the place when someone called to her from the street. It was her version of the matter that, as she turned, her foot slipped from the step, and she fell to the sidewalk. Defendant Menthen, testifying in support of plaintiff's claim, stated that plaintiff had in fact stepped through the doorway and had then fallen backward to the sidewalk without. The compensation commission accepted the latter version of the occurrence. As we view the matter, however, it is immaterial whether plaintiff fell from the step, as she claimed, or in the manner testified to by her employer.

In sustaining the award the compensation commission emphasized that the accident had occurred on the employer's premises, pointing out that the entrance step and the floor were parts of the build-

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.* [Stat Ann and Stat Ann 1949 Cum Supp § 17.141 *et seq.*]).

ing in which the restaurant was located. However, such fact is not sufficient to establish that the injury arose out of and in the course of the employment. At the time she fell and sustained her injury, plaintiff was not rendering any service to her employer. She reached the restaurant approximately 10 minutes before her work was to begin. In practical effect the same situation is presented as would be the case if she had fallen on the public sidewalk as she approached the restaurant.

In *Daniel* v. *Murray Corporation of America,* 326 Mich 1, the plaintiff was injured on a parking lot provided by the employer for the convenience of employees. At the time of the occurrence plaintiff had completed his work for the day. The workmen's compensation commission allowed compensation on the ground that the plaintiff's injury arose out of and in the course of his employment. This Court reversed the award, saying in part (pp 12–14):

"In this State the test that has been followed is whether the employee, regardless of where his injury arose, either on or off the premises of his employer, was injured while within the ambit of his employment, and whether there was a causal connection between the injury and the employment. The primary test under our statute is not *where* the injury occurred, but whether his injury arose out of and in the course of his employment. An employee may *not* be entitled to compensation although his injury arose while *on* the premises of his employer which were furnished by the employer for the use of the employee. * * *

"The fundamental test in this State is that the injury, to be compensable, must have arisen out of and in the course of the employment—there must be some causal connection between the injury and the employment more than the mere fact that the employee was on premises of the employer which had been furnished by the employer for the use and ben-

efit of the employee as an 'incident' of the employ-
ment. That is not enough."

The holding in the *Daniel Case* was followed in
*Hickman* v. *City of Detroit,* 326 Mich 547, and *State
Treasurer* v. *Kaiser-Frazer Corp.,* 326 Mich 715.
See, also, *Simpson* v. *Lee & Cady,* 294 Mich 460, and
*Lauscher* v. *Montgomery Ward & Company, Inc.,*
327 Mich 358.

The application of the test laid down by this Court
in the language quoted leads to the conclusion that
under the facts of the instant case compensation
must be denied. At the time plaintiff received her
injury she had not begun her work in the restaurant,
and it does not appear that there was any causal
connection between such work and the injury. The
mere fact that she was on the premises of her em-
ployer at the time she fell is insufficient to support
the award in her favor. It may not be said that her
injury arose out of and in the course of her employ-
ment.

The order of the workmen's compensation commis-
sion is reversed, and the case is remanded for entry
of an order denying compensation. Defendants may
have costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL,
BUSHNELL, and SHARPE, JJ., concurred.