DITCH *v.* GENERAL MOTORS CORPORATION.

1. Workmen's Compensation—Proximate Cause.

An injury is received in the course of employment when it comes while the workman is doing the duty which he is employed to perform and arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury (CL 1948, § 412.1).

2. Same—Proximate Cause.

The causative danger of injury, for which workmen's compensation is claimed, must be peculiar to the work and not common to the neighborhood; must be incidental to the character of the business and not independent of the relation of master and servant; and while it need not have

References for Points in Headnotes

[3] 58 Am Jur, Workmen's Compensation § 209 *et seq.*
[4] 58 Am Jur, Workmen's Compensation § 221.

been foreseen or expected, after the event it must appear to have had its origin in a risk connected with the employment.

3. SAME—RELATION BETWEEN ACCIDENT AND EMPLOYMENT.

Since a precise or comprehensive definition will not well serve to determine the relation between the accident and the employment of the employee for whose injuries or death recovery is sought under the workmen's compensation act, the problem is left to be worked out by the process of exclusion and inclusion in particular cases.

4. SAME—EMPLOYEE EN ROUTE FROM ENTRANCE GATE TO TIME CLOCK—ACCIDENT ARISING OUT OF AND IN COURSE OF EMPLOYMENT.

Employee who had identified himself at the entrance gate of employer's premises and while travelling a customary and permitted route on the employer's premises to time clock where he was to punch his time card to show he was ready for work, was killed by a railroad engine delivering materials to another plant than the employer's *held*, to have suffered a fatal accidental injury arising out of and in the course of employment (CL 1948, § 412.1).

Appeal from Workmen's Compensation Commission. Submitted October 12, 1955. (Docket No. 84, Calendar No. 46,511.) Decided April 2, 1956.

Martha Louise Ditch presented her claim against General Motors Corporation, Oldsmobile Division, for compensation following death of husband, John A. Ditch, who had entered gate but had not reached time clock and was struck by switch engine on tracks inside premises but serving another plant. Award to plaintiff. Defendant appeals. Affirmed.

*Harry F. Hittle* (*Fred C. Newman,* of counsel), for plaintiff.

*Henry M. Hogan* (*E. H. Reynolds, G. W. Gloster* and *Stuart McCallum,* of counsel), for defendant.

KELLY, J. Plaintiff, widow of John A. Ditch, deceased, was awarded compensation by the workmen's compensation commission. Defendant appeals.

The only question involved is whether deceased employee's injury arose out of and in the course of his employment.*

The plant of General Motors Corporation, Oldsmobile Division, at Lansing, is completely enclosed by a wire fence. At the entrance gate for employees the corporation stations a plant-protection man to restrict entrance to employees of the plant. In order to gain entry to the plant, each employee, upon entering the gate, is required to identify himself by exhibiting his badge.

On a dark and rainy morning, namely, November 15, 1950, about 6:05 a.m., John A. Ditch identified himself by displaying his badge, passed through the gate and proceeded toward the plant where his day's employment was to start at 6:30 a.m. After walking approximately 63 feet he was struck and killed by a railroad engine. The engine was operated on defendant's premises by the New York Central Railroad Company to deliver coal and materials to plants other than Oldsmobile.

The record establishes the fact that when employees pass the building where the plant-protection personnel is stationed and enter through the gate they proceed toward their place of work through a fenced-in passageway and the said passageway required defendant, and other employees, to cross the railroad tracks.

The commission in its opinion called attention to the fact that previous to 1949, when the case of *Daniel* v. *Murray Corporation of America* was decided in 326 Mich 1, the commission had consistently followed *Brink* v. *J. W. Wells Lumber Co.*, 229 Mich 35, 38, which held that employment is not limited to the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases work, but should also include a reasonable time to enter

---

* See CL 1948, § 412.1 (Stat Ann 1950 Rev § 17.151).—REPORTER.

upon or leave the locality of his work and that the law extends to said employees protection for injuries received in " 'approaching or leaving his place of employment by the only means of access thereto.' "

In the *Daniel* v. *Murray Corporation Case, supra,* plaintiff had left defendant's plant, crossed a street and entered a parking lot provided by the defendant for the use of its employees. Plaintiff slipped in a hole in said parking lot and was injured.

The controlling opinion, concurred in by 5 Justices of this Court, held that the plaintiff was not entitled to compensation because the injury did not arise out of and in the course of employment. The dissenting opinion, concurred in by 3 Justices, held that the injury did occur within the course of employment.

In the prevailing opinion in the *Daniel Case, supra* (pp 9, 10), we commented upon the reasoning of the *McNichol's Case,* 215 Mass 497, 498, 499 (102 NE 697, LRA1916A, 306), holding:

" 'It is sufficient to say that an injury is received "in the course of" the employment when it comes while the workman is doing the duty which he is employed to perform. It "arises out of" the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be pe-

culiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' "

In the prevailing opinion this Court also referred with approval to *Haggar* v. *Tanis,* 320 Mich 295, 301, wherein we held that an injury arising "from a hazard to which the workman would have been equally exposed apart from the employment would not be compensable," and stated (p 6) :

"This Court has consistently held that an injury to an employee while merely on his way to or from work, without any causal connection between his injury and his work, and without any duty to perform at that time for the employer, does not arise out of and in the course of the employment."

The prevailing opinion distinguished the *Daniel Case* from *Favorite* v. *Kalamazoo State Hospital,* 238 Mich 566, where this Court held:

"A nurse subject to emergency calls when off duty and required to live in a 'home' on the hospital grounds, located about 20 rods from the building in which she worked, who fell on an icy walk connecting the 2 buildings, and was injured, while returning to the 'home' at the close of her work period, was injured in an accident arising out of and in the course of her employment, within the meaning of the workmen's compensation act." (Syllabus.)

In *Kelly* v. *Dixie Fuel & Supply Co.,* 329 Mich 466, 470, this Court reaffirmed its holding in *Simpson* v. *Lee & Cady,* 294 Mich 460, where it was held:

" 'Since a precise or comprehensive definition will not well serve to determine the relation between the

accident and the employment of the employee for whose injuries or death recovery is sought under the workmen's compensation act, the problem is left to be worked out by the process of exclusion and inclusion in particular cases.'"    (Syllabus.)

Plaintiff and the commission rely upon the case of *Weaver* v. *General Motors Corporation,* 330 Mich 404, where the employee was injured as she left the plant after finishing her day's work and while walking on a customary and direct route to the gate where a watchman was placed to pass inspection to prevent employees from taking company property from the premises. In the *Weaver Case,* this Court commented upon the previous decisions in the *Brink* and *Daniel Cases, supra,* as follows (pp 406, 407):

"Plaintiff relies on *Brink* v. *J. W. Wells Lumber Co.,* 229 Mich 35, in which an employee sustained an accidental injury while going from work and in which this Court seems to have predicated liability for compensation on the fact that the employee was injured while still on the employer's premises. Before the commission this defendant urged that the *Brink Case* has been overruled by *Daniel* v. *Murray Corporation of America,* 326 Mich 1; *Hickman* v. *City of Detroit,* 326 Mich 547; and *State Treasurer* v. *Kaiser-Frazer Corp.,* 326 Mich 715. That contention the commission rejected, saying that in none of those cases was the *Brink Case* expressly overruled. It is to be noted, however, that in the *Hickman Case* we specifically mentioned the *Brink Case* and, in considering the effect thereon of our decision in the *Daniel Case,* said, concerning the latter, that:

" 'The majority opinion in effect rejected the claim that any significance could properly be attached to the fact that the accident and injury occurred on the employer's premises.'

"The plain import of our discussion in the *Hickman Case* and of the holding in the *Daniel Case* is that, to the extent that liability for compensation in

the *Brink Case* was predicated upon the mere fact that the accident and injury occurred on the employer's premises, the holding in that case is, in that respect and to that extent, overruled, and we so hold.

"The instant case is distinguishable, however, from the above-mentioned cases on the facts. When injured, plaintiff's duties to her employer were not ended for the day. She was not solely on a mission of her own, *viz.,* leaving work and going home. She was acting still within the ambit of her employment. Upon finishing her work on the assembly line she was required to punch the clock within the plant, and thereupon to leave the plant promptly and to follow a customary and permitted route to the gate at which point she was required by her employer to submit to inspection. She slipped and fell while walking from one point on defendant's premises where she had a duty to perform to another point on those same premises where she had another duty to perform. Proceeding from the one point to the other was necessary to and a part of the performance of her full and final duty to her employer for the day. There was clearly a causal connection between the accident and injury and her employment. It follows that plaintiff's injury arose out of and in the course of her employment."

The award in the present case does not depend upon the *mere* fact that the accident and injury occurred on the employer's premises. The deceased had met the employer's first requirement, *i.e.,* passed through the gate onto the premises and, by displaying his badge, had identified himself as an employee. As in the *Weaver Case, supra,* after passing the gate he had to proceed onward on "a customary and permitted route." Plaintiff was on this route and was fatally injured as he was walking toward the place where he would perform a second duty required by the employer, namely, punch the time clock showing he was available for work.

The *Weaver Case* established the fact that it was not necessary that the injured party be receiving wages at the time of the injury, and the principles set forth in that case would apply equally to a person who was just about to start work and a person who had just left work.

The facts in this case sustain a conclusion that the fatal accident in question arose out of and in the course of employment.

Award affirmed, costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, and CARR, JJ., concurred with KELLY, J.

BLACK, J., took no part in the decision of this case.