DEMKIW *v.* BRIGGS MANUFACTURING COMPANY.

1. CONSTITUTIONAL LAW—TORT—REMEDY.
   There is no vested right in any remedy for a tort yet to happen, which the Constitution protects.

2. SAME—STATUTES—COMMON LAW—REMEDIES.
   The legislature has power to change or abolish existing statutory and common-law remedies, except as to vested rights, as common and statute laws only remain in force until altered or repealed.

3. WORKMEN'S COMPENSATION—ELECTION OF REMEDIES.
   The workmen's compensation act is a substitute for former rights of action and any law actions which might remain unaffected by the substitution are terminated by the filing of a claim under the act or acceptance of any payment from the employer or his insurance carrier or submission of any question to arbitration under the act (CL 1948, § 416.1).

4. SAME—ELECTION OF REMEDIES—RES JUDICATA.
   An employee who suffers an injury and makes a claim therefor under the workmen's compensation act is not then at liberty to adjudicate differences with the employer other than before the workmen's compensation commission, its decision being *res judicata* (CL 1948, § 416.1).

5. SAME—ELECTION OF REMEDIES.
   A plaintiff who first proceeds before the workmen's compensation commission on the theory that his injury arose out of and in the course of his employment may not thereafter bring an action at law based upon an inconsistent, opposite theory or claim that the injury did not so arise (CL 1948, § 416.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 11 Am Jur, Constitutional Law § 368 *et seq.*
[3–6] 58 Am Jur, Workmen's Compensation § 64 *et seq.*
[4] 58 Am Jur, Workmen's Compensation § 65.
[4] Submission of rejected claim under workmen's compensation act as affecting independent action for death or injury.   36 ALR 1293.

6. ELECTION OF REMEDIES—WORKMEN'S COMPENSATION—COURTS.
  Employee who first sought workmen's compensation for injuries sustained by reason of falling on steps to defendant employer's building after having passed through the plant gate and received such compensation for 7 months had no common-law cause of action therefor cognizable in a court (CL 1948, § 416.1).

SMITH and BLACK, JJ., dissenting.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 8, 1956. (Docket No. 38, Calendar No. 46,230.) Decided December 28, 1956. Rehearing denied May 17, 1957.

Following denial of award under workmen's compensation act, Catherine Demkiw proceeded in case against Briggs Manufacturing Company, a Michigan corporation, for injuries sustained in fall on stairs. Motion to dismiss declaration denied. Defendant appeals. Reversed and remanded with directions to dismiss.

*Rothe, Marston, Mazey, Sachs & O'Connell (Theodore Sachs,* of counsel), for plaintiff.

*Lacey, Jones & Doelle (Buell Doelle,* of counsel, for defendant.

CARR, J. This is an action for damages based on the claim that defendant was guilty of negligence in failing to perform a duty owing to plaintiff for her safety. It appears from the declaration that on January 30, 1950, and for some time prior thereto, plaintiff was employed by defendant at the latter's so-called Vernor plant in the city of Detroit, that she entered the premises through the plant gate about 6:30 in the morning, that she proceeded to the building in which she worked, and that while ascending the approach to said building she slipped, fell, and was injured. It was further averred that

defendant failed in its duty to keep the stairway "in safe condition for its employees and particularly this plaintiff," to provide adequate lighting, to keep the steps free from water, ice, and snow, and to provide a suitable handrail for use in ascending the stairway.

It further appears from the declaration that, following the occurrence in which she was injured, defendant made payments to plaintiff under the provisions of the workmen's compensation act, at the rate of $24 per week from February 2, 1950, to September 7, 1950, when such payments were discontinued. Thereafter plaintiff filed application with the compensation commission for hearing and adjustment of claim. Such hearing was duly held before a deputy commissioner who determined that under the facts disclosed by the proofs plaintiff was not entitled to compensation. On appeal such finding was sustained by the commission. Thereafter application for leave to appeal to this Court was made, and on September 3, 1952, such application was denied.

Following the action above referred to, plaintiff instituted the present suit on the theory that she was entitled to recover damages in an action of trespass on the case based on the alleged tortious conduct of the defendant. Motion to dismiss the declaration was filed by defendant, it being asserted that at the time of the injury to plaintiff she and defendant were subject to the workmen's compensation law of the State, that exclusive jurisdiction with reference to the matters alleged in the declaration was vested in accordance with the provisions of said act, that plaintiff's rights had been fully adjudicated, that, having selected her forum, recourse to the courts in the tort action was barred, and that submitting her claim to arbitration constituted a full release of the defendant under the provisions of CL 1948, § 416.1 (Stat Ann 1950 Rev § 17.212).

Following a hearing, the motion was denied and, on leave granted, defendant has appealed.

In the case of *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich 8, this Court upheld the constitutionality of the workmen's compensation law.* There the plaintiff brought an action in tort to recover damages for personal injuries suffered, as it was alleged, because of defective installation and equipment in the defendant's plant. In bar of such action defendant pleaded the workmen's compensation act, and at the conclusion of the proof the trial court directed a verdict in its favor. In considering the various objections urged against the validity of the statute, the Court said (p 13):

"It can be assumed without misgiving that there is no vested right in any remedy for a tort yet to happen which the Constitution protects. Except as to vested rights, the legislative power exists to change or abolish existing statutory and common-law remedies. Common and statute laws only remain in force until altered or repealed."

The Court concluded that the objections to the act based on constitutional grounds were not tenable, and that provisions thereof applicable under the facts in the case were valid. The judgment entered on the directed verdict was accordingly affirmed.

The purpose and scope of the workmen's compensation act have been considered by this Court in many cases since the decision in the *Mackin Case.* In *Twork* v. *Munising Paper Co.,* 275 Mich 174, the factual situation presented was analogous to that in the case at bar. There the plaintiff brought suit in the circuit court to recover damages resulting from injuries caused by the inhalation of chlorine and other dangerous gases while in the employ of

* PA 1912 (1st Ex Sess), No 10.

defendant. Prior thereto he had made application for compensation under the provisions of the workmen's compensation act. A hearing was duly had before a deputy commissioner, and an award was denied on the ground that plaintiff had not suffered an accidental injury arising out of and in the course of his employment. No appeal was taken. The proceeding under the compensation act was pleaded by defendant in its answer to the declaration in the tort case, and said case was dismissed. On appeal to this Court the order was affirmed, the Court declaring (p 179) that the compensation law "is a substitute for former rights of action and any law actions which might remain unaffected by the substitution may effectually be terminated by part 6, § 1, thereof." The section referred to is above cited as CL 1948, § 416.1 (Stat Ann 1950 Rev § 17.212). It reads as follows:

"If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury."

It is interesting to note that in the *Twork Case* plaintiff argued that the employer, having denied in the proceeding before the department of labor and industry that an accidental injury had occurred, should be held estopped to claim in the tort action in circuit court that said court was without jurisdiction in the premises. In discussing the argument it was pointed out in the opinion of this Court that plaintiff was not at liberty to follow diverse theories, that the parties having submitted themselves

to the provisions of the compensation law were not at liberty to adjudicate differences other than before the department, and that the decision of the deputy commissioner was *res judicata.*

A like situation was involved in *Morris v. Ford Motor Company,* 320 Mich 372. There the plaintiff, claiming that he had suffered an injury arising out of and in the course of his employment, sought compensation in accordance with the statute. The commission concluded that he had not sustained a personal injury within the purview of the act and declined to make an award. No review of the order entered was attempted. Thereafter action was started in the circuit court of Wayne county to recover damages on the theory of tort liability. Motion to dismiss was made, defendant asserting that plaintiff's remedy, if any, was under the workmen's compensation act, that he had elected his forum, and that the decision of the compensation commission was *res judicata.* The trial court granted the motion to dismiss and plaintiff appealed, asserting that under the facts the compensation commission was without jurisdiction because the statute was not applicable. In affirming the order of the circuit court it was pointed out in the unanimous opinion of this Court that in the proceeding under the compensation act plaintiff alleged an injury arising out of and in the course of his employment, and that under the statute exclusive jurisdiction over the issue raised was vested in the compensation commission. It was further declared (p 374) that the filing of the claim constituted "a release of all claims at law arising from the injury." The Court further stated that (p 375):

"Plaintiff proceeded before the compensation commission on the theory that his injury arose out of and in the course of his employment, but, now, in an action at law, proceeds on the theory that it did

not so arise. Having adopted one theory before the compensation commission, he may not thereafter bring other proceedings based upon an inconsistent, opposite theory or claim. *Mintz* v. *Jacob,* 163 Mich 280; *Donovan* v. *Curts,* 245 Mich 348; *Mertz* v. *Mertz,* 311 Mich 46."

In *Totten* v. *Detroit Aluminum & Brass Corporation,* 344 Mich 414, plaintiff brought an action of trespass on the case to recover damages on the ground that defendant, his employer, had breached a duty owing by it to plaintiff because of the status of the latter as an employee. Defendant moved for judgment on the pleadings, which motion was denied by the trial court. On appeal the order was reversed, the Court holding that (p 418):

"Our workmen's compensation act taken in its entirety and read in light of the title to the act, as we construe it, bars plaintiff's action. Plaintiff's action is of such a nature as not now cognizable by a Michigan court of common-law jurisdiction."

See, also, *Dershowitz* v. *Ford Motor Company,* 327 Mich 386.

The averments of plaintiff's declaration in the case at bar clearly rest on the theory that the duty owing to her by defendant, and which she asserts was breached, arose from the employer-employee relation. Her assertion that defendant "neglected and refused to keep the stairway in safe condition for its employees and particularly this plaintiff" is significant. In accord therewith is her averment that said stairway was customarily used by the plaintiff and other employees entering the plant. No claim is made that she was on the premises of the defendant except as an incident of the relation existing between the parties. She took the position in the proceeding before the deputy commissioner, and on appeal before the workmen's compensation

commission, that she had sustained an injury aris-
ing out of and in the course of her employment. It
may be noted further that, as appears from the rec-
ords of this Court, she has sought, by motion filed
May 31, 1956, a reconsideration of the order deny-
ing leave to appeal, thus, in effect, renewing her
assertion that she was entitled to compensation un-
der the provisions of the statute. Under the cir-
cumstances presented this Court declined to grant
reconsideration of its order made on September 3,
1952. There can be no question, however, as to the
basis of plaintiff's claim with reference to her right
to recover damages from defendant. Such claim
clearly rests on the employer-employee relation-
ship, which is asserted in the declaration in the in-
stant case as well as in the compensation proceed-
ing.

The principles recognized and applied in the
above decisions control the disposition of the case
at bar. The trial court was in error in denying the
motion to dismiss. The order from which the appeal
has been taken is reversed and the case remanded
with directions to set aside said order and to grant
the motion to dismiss.

DETHMERS, C. J., and SHARPE, BOYLES, and KELLY,
JJ., concurred with CARR, J.

BLACK, J. (*dissenting*). We have already commit-
ted one grievous error against Catherine Demkiw,
that of denying—on presently undermined legal
ground (*Pilgrim* v. *Menthen,* 327 Mich 714)*—her
timely application for review of the compensation
commission's order, entered May 28, 1952, by which
order the presently mentioned claim for workmen's
compensation was rejected. On motion of Mr. Jus-

---

* *Pilgrim,* it is plain, was quietly overruled in *Ditch* v. *General Motors Corp.,* 345 Mich 178.

tice CARR, bottomed of corresponding legal quicksand, our dwindling majority proceeds now to compound that error by dismissing her instant declaration. This lady is thus beaten, going and coming in all known legal fora, out of determination on the merits of whatever claim she may have possessed against the defendant on January 30, 1950.

The chronology of events before us starts with due filing of a claim for compensation, by Catherine Demkiw against Briggs Manufacturing Company, in October of 1950. Briggs thereupon insisted with signal success that the claim be denied because Mrs. Demkiw's presently considered injury did not arise in the course and out of employment. It said, and we must not forget, that "she was merely on her way to work." The compensation commission, compelled by *Pilgrim* to agree with this matter-of-law defense, held:

"The main issue is whether or not the injury which plaintiff sustained arose out of and in the course of her employment. The accident occurred from one-half to three-quarters of an hour before her work commenced. She was not performing any duty for her employer at his request at the time of the accident. She was merely on the employer's premises on her way to work. The fact that the accident happened on the employer's premises is not sufficient to establish that it arose out of and in the course of her employment. The decision in the *Pilgrim Case* is controlling here."

The next event was Mrs. Demkiw's mentioned application for leave to review the commission's quoted determination. Briggs, successfully opposing the application here, insisted:

"As was pointed out by the commission in its opinion, the accident in question occurred from one half to three quarters of an hour prior to the time when plaintiff's work actually commenced. At the time

the accident was sustained, plaintiff owed no duty or obligation to the employer. She could have, if she had seen fit, returned to her home and defendant had no control over her. She was not doing anything at the time the accident was sustained which furthered the interest of her employer. She was merely on her way to work, and this in and of itself is not sufficient to warrant or justify the conclusion that the injury arose out of and in the course of the employment."*

Mrs. Demkiw's next effort to obtain redress is shown by the declaration before us. Briggs, named as defendant therein, moved to dismiss for and on account of specifications detailed in the motion as follows:

"1. At the time of the accident set forth in plaintiff's declaration, plaintiff and defendant were subject to the workmen's compensation act of Michigan. (PA 1912 [1st Ex Sess], No 10, as amended.)

"2. The department of labor and industry of the State of Michigan has exclusive jurisdiction over matters stated in plaintiff's declaration and, consequently, this court is without jurisdiction.

"3. Plaintiff's rights have been fully adjudicated before the department of labor and industry of the State of Michigan and this matter is *res judicata*.

"4. Plaintiff has selected her forum, thus barring recourse to this court.

"5. Plaintiff's arbitration of the matters set forth in plaintiff's declaration before the department of labor and industry of the State of Michigan, constitutes a full release of the defendant, her employer, by reason of the provisions of CL 1948, § 416.1 (Stat Ann 1950 Rev § 17.212).

"6. Plaintiff's declaration fails to state a cause of action against the defendant.

---

* Quotation from page 4 of brief filed here July 5, 1952, in opposition to plaintiff's application for leave to appeal from order denying compensation.

"7. In plaintiff's action before the department of labor and industry, she alleged that the accident resulting in her injuries arose out of and during the course of her employment, *whereas in the action in this court, plaintiff alleges that the accident did not arise out of and during the course of employment.*" (Italics supplied by present writer.)

Judge Brennan, by formal opinion and order, denied the motion to dismiss. He said:

"It is my holding that the plaintiff is not deprived of her remedy to sue at law, under the provisions of section 1 of the workmen's compensation act quoted above,* for the reason that she is not, in this action, suing the Briggs Manufacturing Company as an *'employer.'* It is my opinion that the language of the statute, of course, has the effect of preventing plaintiff from obtaining any other relief against her 'employer,' as such, after she has once filed a claim under the workmen's compensation act; but in the instant case, she is suing the defendant, not as an 'employer' but as a tort-feasor."

Briggs duly·applied for leave to appeal from the order denying dismissal. This time we did not deny the application. By order dated June 16, 1954, we granted leave to review said order.

The record on appeal in this case was filed here February 19, 1955. The first of 4 printed briefs in the case did not arrive until May 15, 1956. The cause, complicated by 1956 motion of Mrs. Demkiw that we reconsider our 1952 denial of her mentioned application for leave to appeal, was submitted here June 8, 1956. October 4, 1956, Mr. Justice Smith and the writer dissenting, our majority denied Mrs. Demkiw's application for reconsideration. So much for the record seriation of this case.

---

* The reference is to part 6, § 1, being CL 1948, § 416.1 (Stat Ann 1950 Rev § 17.212).—Reporter.

I turn now to the corresponding chronology of events in *Totten* v. *Detroit Aluminum & Brass Corp.*, 344 Mich 414. *Totten*, as we shall see, is a *quasi* companion of this case and is said to disclose error of Judge Brennan in refusing to dismiss the present declaration.

Totten's injury occurred more than a year after Mrs. Demkiw's injury was sustained. He did not apply for compensation. Instead, Totten filed a declaration at law for damages, characterized here in separate opinions as follows:

"Plaintiff recognizes that the relationship of the parties here presented is of an employee acting outside of the jurisdiction of his employment but claims it to be within the outside limits of the employer-employee relationship." (Quotation from opinion of Mr. Justice REID, p 417 of report.)

"The record here *does* establish, as shown by Mr. Justice REID, that the plaintiff relies, for recovery of 'damages,' on his relationship of employer and employee. This brings him within the purview of the workmen's compensation act.

"For that reason I agree that plaintiff's remedy, if any, lies under the act. It may be, as has been sometimes shown in our opinions, that for some valid reason an employee cannot recover damages from his employer, namely, compensation under the workmen's compensation act, for an injury. It is also conceivable that there are circumstances under which an employee may recover damages based on the negligence of his employer, or his workmen, entirely unrelated to the relationship of employee which the claimant bears to the defendant employer. But that is not the case here." (Quotation from opinion of Mr. Justice BOYLES, p 419 of report.)

The defendant in *Totten's Case* moved for judgment on the pleadings April 30, 1954. The lower court denied such motion May 26, 1954. The defend-

ant duly applied for leave to appeal and, on September 8, 1954, we granted the application. *Totten's* record was filed here February 12, 1955. The case was submitted October 5, 1955, and decided December 28, 1955. From this point I pass to legal questions posed before us in this appeal of Briggs. *Totten's* distinguishing features will unfold.

*First:* The compensation commission's determination, quoted above, is an adjudication as much binding on defendant Briggs as on plaintiff Demkiw. For the parties before us, it decided with finality that Mrs. Demkiw's injury was sustained for stated reason outside the protective pale of the workmen's compensation act. We cannot question the decision now. It leaves us, as we contemplate this declaration and motion to dismiss, with issue whether Mrs. Demkiw was left possessed of a right of action for personal injury against defendant Briggs on theory that the requisite employment relationship had not started—in fact never started—on the event-date we are considering. Remember, Mrs. Demkiw "was merely on her way to work" when she was injured. That much, at least, is settled. It is our duty, then, to judge this declaration and motion to dismiss exactly as if Briggs had negligently caused Mrs. Demkiw's injury anywhere on the route of her trip that morning between home and time clock.

Here we have a case where plaintiff and others similarly situated were permitted to enter upon the plant premises an hour ahead of time, the start of the work day being 7 a. m. Whether ahead of time or not, they customarily walked—from the plant gate on Vernor highway—across a driveway and yard on the plant premises to the outdoor flight of steps where Mrs. Demkiw, solely on account of negligence of Briggs as alleged, slipped and was in-

jured. From such steps, and after entering the plant building, they were required to ascend 3 flights of stairs to the work room in which the time clock and sewing machines were located.*

What was the legal position of these ahead-of-time workers, walking their way to actual place of work? Were they employees, enjoying protection of the employment relation? The adjudicatory finding previously quoted says "no." Were they trespassers on the premises of Briggs, after having passed through the plant gates? Hardly. Were they invitees? Undoubtedly, considering such finding. Were they subject to disabling or other injury, negligently inflicted by Briggs, absent all redress against Briggs? My elder Brothers say "yes." I say "no," and start with previously announced premise that final denial to Mrs. Demkiw of compensation is a judgment of status both parties should cheerfully accept. Ah, yes, Mrs. Demkiw "was merely on her way to work."

*Second:* If, while a servant is on his way to but has not arrived at the actual place of work, an injury is inflicted upon him by negligence of the one for whom he is about to start work, it being conceded that the injury was sustained not in the course of employment and that both parties are subject when applicable to provisions of a compensation act like ours, is the injury not actionable? The answer is given by Professor Larson† with authoritative as well as sensible support. He rightly separates an injury, which does not come within the fundamental coverage provisions of the given compensation act (that is what we have here in this case

---

* Mrs. Demkiw had worked for the defendant some 20 years, mostly as a sewing-machine operator.

† Former professor of law, Cornell Law School; dean, Pittsburgh Law School, now on leave as under-secretary of labor; author, "A Republican Looks At His Party" (Harpers, 1956).

of Demkiw), from an injury which in itself is covered but presents particular elements of noncompensable damage only, and goes on to say (2 Larson's Workmen's Compensation Law, § 65.10, p 136):

"In the former class are, of course, all the cases in which the relation of employment did not exist, or in which plaintiff or his employer was within an excluded category, or in which there was no 'injury by accident arising out of and in the course of the employment.' As has been observed at several points above, a considerable amount of law, usually bad law, has been made in damage suits in which the positions of the parties have been reversed, with the employee denying coverage in order to escape the exclusive remedy rule, and the employer with equal earnestness pleading for a broad construction of compensation coverage."

Schneider puts it this way (1 Schneider, Workmen's Compensation Text (Perm ed), § 89, p 229):

"If both the employer and employee are engaged in a type of business or employment specifically exempted from the act, or if the employment is covered exclusively by some Federal act, or if the employee's injury did not arise out of and in the course of his employment, then the acts generally have no effect on employee damage actions against their employers."

It is readily apparent, from continuous reading of the texts penned by these nationally recognized writers upon workmen's compensation, that our State—*Twork** to *Totten*—stands pretty much alone and out of step in present regard. And it will not do to say, as some glibly chant, that our act is peculiar or substantially different. It is not, at least so far as present inquiry is concerned, and the diaphanous distinctions so uttered are rarely de-

---

* *Twork* v. *Munising Paper Co.*, 275 Mich 174.

fined.  Time is thus nigh that we re-examine for due case-light the opinion of dissent appearing in *Totten* and that our studied doctrine of disability of self-correction be scanned anew.

Aside from the above, *Totten's* majority opinion is patently distinguishable from this case for 2 reasons.  The first is that *Totten* did not seek compensation and did not obtain, as Mrs. Demkiw did, an adjudication that he was injured beyond and outside the scope of employment.  The second is that *Totten's* declaration was founded on allegation that his injuries were sustained during and caused by an existing employment relationship, whereas Mrs. Demkiw's declaration was in the court below, and still is so far as I am concerned, planted on the common-law right of redress for negligent injury sustained while she was on way to work and had not as yet entered scope of the mutually protective relation of employer and employee.

Turning for the moment to *Totten's* novelty that an employee can be "acting outside of the jurisdiction of his employment" and yet "be within the outside limits of the employer-employee relationship" (p 417 of report) :* Does any authority of respect support notion that an ethereal never-never zone of absolute exemption from liability, defined by events occurring while a servant is on his way to or from work—a happy land where premiums need be paid neither for liability nor compensation insurance and the quasi-employee bears all risks—, exists in favor of the one for whom the work is to be or has been

---

* This idea apparently came from *Totten's* first brief, filed here August 16, 1955, in which the following appears (p 5) :

"None of these considerations enter into the relationship here presented of an employee acting outside of the boundaries of his employment, but within the outside limits of the employer-employee relationship."

done?* We have seen none as yet in our reports unless *Totten's* incogitant edictum be regarded as such. The question, fortunately, is not before us because it was not raised or suggested in the court below.

It is significant that plaintiff's declaration was filed in January of 1953; that defendant's motion to dismiss was filed in the month following; that the motion, having been duly submitted, was decided by written opinion of Judge Brennan filed Jauary 18, 1954; that no one in the court below construed the declaration as having been worded or planted upon the relation of employer and employee or as having alleged an injury occurring "within the outside limits" of such relationship; that no amendment, either of the declaration or motion to dismiss, was sought below; that the construction of said declaration, as presently urged, was not mentioned in Briggs' brief supporting application for leave to appeal,† and that the real reason advanced for dismissal before Judge Brennan was that plaintiff, by filing and pursuing her claim for compensation, had yielded to Briggs an unconditional release of the cause declared upon.

---

* The 1954 amendment, PA 1954, No 175 (CLS 1954, § 412.1 [Stat Ann 1955 Cum Supp § 17.151]), may aid relevant decision as to claims postdating its effective date but it extends no help with respect to cases of earlier origin like the one at bar, where adjudication and other factors have intervened.

† In brief supporting such application, filed here March 30, 1954, Briggs summarized the proposed reviewable questions as follows:

"*First:* The submission of any question under the Michigan workmen's compensation act to arbitration constitutes a release to such employer of all claims or demands at law arising from such injury.

"*Second:* The mere subjectivity of the employer and the employee to the Michigan workmen's compensation law constitutes the workmen's compensation commission as the exclusive tribunal to hear questions of liability of employers for injuries or death sustained by their employees.

"*Third:* The Michigan workmen's compensation act relieves the employer of any liability other than that provided for personal injury to employees under the workmen's compensation act.

"*Fourth:* The error of the commission in denying compensation may only be rectified by application for certiorari to the Michigan Supreme Court and not by suit at common law."

The inference I draw from this summary of the record is that *Totten's* intervening case, submitted here while Demkiw's case waited, suggested for the first time that Mrs. Demkiw's declaration be construed as planted on the relation of employer and employee.

Relying, then, on Larson's quoted reasoning in conjunction with that which was settled by the compensation commission's determination that Mrs. Demkiw's injuries were not compensable, I find no difficulty in holding that this declaration states a cause of action at common law for negligently inflicted injury; that it contains proper averment of freedom from contributory negligence; that it is framed on theory as found by the circuit court, and that the defense of election of remedy and resultant release is governed by an altogether intelligent rule once known in this State (*Hansen* v. *Pere Marquette R. Co.,* 267 Mich 224, 227), *viz.,* that an election of a remedy which proves to be nonexistent is no election at all. With respect to that rule Larson says:

"Unquestionably this is the only view which effectuates the purposes of the legislation, whatever arguments may be raised against it based on literal wording of statutes or on the technical application of the election doctrine at some stages of the common law. Workmen's compensation is above all a security system; a strict election doctrine transforms it into a grandiose sort of double-or-nothing gamble. Such gambles are appealing to those who still think of the judicial process as a glorious game in which formal moves and choices are made at peril, and in which the ultimate result is spectacular victory for one side and utter defeat for the other. The stricken workman is in no mood for this kind of play, and should not be maneuvered into the necessity for gambling with his rights, under the guise of enforcing a supposed penalty against the employer." (2

Larson's Workmen's Compensation Law, § 67.22, pp 150, 151.)

*Third:* It is said, in the opinion of Mr. Justice CARR, that *Twork* v. *Munising Paper Co., supra;* and *Morris* v. *Ford Motor Co.,* 320 Mich 372, are factually analogous to the case at bar. I disagree. In each instance—*Twork* and *Morris*—the common-law plaintiff previously sought compensation and, being unsuccessful in the department below, failed to review or attempt review.* In the present instance Mrs. Demkiw sought timely review without success and, later on, abortively applied to this Court for reconsideration of its refusal to review, citing *Ditch* v. *General Motors Corp., supra.* The real import of *Twork,* of interest here, is seen in the following portion of the prevailing opinion (p 180 of report):

"Appellant contends for the applicability of the doctrine of estoppel and says that the employer may not deny the accidental nature of the injury before the department of labor and industry and having succeeded thereby, now assert before the circuit court that jurisdiction is lacking in that forum because plaintiff's action is bottomed upon an accidental injury. The reasonableness of this argument is apparent, but its corollary is also sound; neither may the plaintiff ride 2 horses. His remedy was to seek an appeal to the full department from the finding of the deputy and then, if necessary, to review by certiorari."

To recapitulate: Since Mrs. Demkiw "was merely on her way to work" at the time of injury, her declaration states an appropriate cause of action for negligence against a defendant for whom she was not working at the time. By adjudicated construction, the contract of employment between the parties

---

* The same is true of *Sotonyi* v. *Detroit City Gas Co.,* 251 Mich 393, cited to us by defendant.

made them legal strangers to the compensation act each morning until Mrs. Demkiw punched the time clock and started her sewing machine.   The vital relationship of employer and employee did not exist until such time and defendant did not claim otherwise in the court below.   This means that an injury negligently inflicted on Mrs. Demkiw by any wrongdoer, while she was "on her way to work," was and is actionable provided there be no contributory negligence. It means, too, that her assiduous, if unsuccessful, pursuit of remedy under the compensation act does not bar this action.

I vote to affirm, noting by way of conclusion that our majority has not even accorded plaintiff the usual 15 days for amendment to meet that which it has read into her declaration.

SMITH, J., concurred with BLACK, J.

EDWARDS, J., did not sit.