**Irving W. PFEIFER, Administrator of the Estate of Wilbur Stroud, Deceased, Appellant,**

**v.**

**GMC TRUCK & COACH DIVISION, a division of General Motors Corporation, Appellee.**

**No. 13396.**

United States Court of Appeals Sixth Circuit.

May 12, 1958.

Isaac M. Smullin, Detroit, Mich., for appellant.

William J. Oldani, Detroit, Mich., Henry M. Hogan, Detroit, Mich., on the brief, G. Wilson Gloster, Detroit, Mich., of counsel, for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court dismissing an action for the wrongful death of Wilbur Stroud, brought by the administrator of his estate. The district court's order of dismissal was based upon the grounds that the action was barred by the exclusive remedy provision of the Michigan Workmen's Compensation Law, Comp.Laws 1948, § 411.1 et seq., and, further, that the action was foreclosed by a prior adjudication of the same claim by a Michigan court.

It appears that decedent was an employee of the defendant at the time of the accident resulting in his death and the accident occurred during working hours on the employer's property. It is uncontroverted that decedent's mother applied for and received a compensation award as a dependent of the decedent, and no attack is made upon the regularity of that proceeding.

On this appeal it is contended that because the complaint alleged gross or "deliberate" negligence on the part of the defendant employer, the exclusive remedy provision of the Michigan Act is not applicable.

The district court was not in error in dismissing the action. The Michigan statute is clear and unambiguous. "Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer." 12 Mich.Stat. Ann. § 17.144, Comp.Laws 1948, § 411.4. The statute does not differentiate among the common law actions which were previously available. An allegation of wilful and wanton conduct by the employer stands no differently if the other requirements of the Act are present. See Cell v. Yale & Towne Mfg. Co., 1937, 281 Mich. 564, 567, 275 N.W. 250.

Moreover, the acceptance of benefits under the Act by decedent's mother, in the absence of fraud, operated as a complete release to the defendant "of all claims or demands at law, if any, arising from such injury." 12 Mich.Stat.Ann. § 17.212, Comp.Laws 1948, § 416.1. Any law actions which might otherwise remain unaffected by § 17.144 are cut off by this section. Demkiw v. Briggs Mfg. Co., 1956, 347 Mich. 492, 79 N.W.2d 876; Twork v. Munising Paper Co., 1936, 275 Mich. 174, 266 N.W. 311.

The order of the district court is affirmed.